IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>D.R. Horton Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L & M Electric Inc., Long Heating & Air Conditioning Inc., and M&L Reyna Construction, LLC,<br><br>DEFENDANTS | C/A No. 8:26-cv-97-DCC<br><br><br>**ANSWER OF CANNADY SIDING & GUTTER, INC. AND THIRD-PARTY COMPLAINT AGAINST JOSE FIDEL ESPINAL; SAMUEL SIDING, LLC; JASSO CONSTRUCTION, LLP; FLORINA YANEZ; CARLOS SOLANO; YONATAN OMAR MENDOZA AGUILAR; ALINA ARAUJO OROZCO; CARLOS RAMOS; AND GILBERTO GONZALEZ** |
| Cannady Siding & Gutter, Inc.<br><br>THIRD-PARTY PLAINTIFF,<br><br>v.<br><br>Jose Fidel Espinal, Samuel Siding, LLC, Jasso Construction, LLP, Florina Yanez, Carlos Solano, Yonatan Omar Mendoza Aguilar, Alina Araujo Orozco, Carlos Ramos and Gilberto Gonzalez<br><br>THIRD-PARTY DEFENDANTS. | |

**TO:    JUSTIN LUCEY, DABNY LYNN, CHARLOTTE WINCKLER, ATTORNEYS FOR PLAINTIFFS:**

The Defendant, Cannady Siding & Gutter, Inc., (hereinafter "the Defendant"), answering the Complaint, would allege and show as follows:

1.    The Defendant denies each and every allegation not specifically admitted hereinafter and demands strict proof thereof.

**FOR A FIRST DEFENSE**

2.    Paragraphs 1 through 20 of Plaintiff's Complaint contain no allegations against

- 1 -

the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

3. The Defendant admits only so much of Paragraph 21 as alleges that the Defendant is a corporation organized and existing under the laws of the State of South Carolina and is relevant to this action. All other allegations contained in Paragraph 21 are denied and strict proof is demanded thereof.

4. Paragraphs 22 through 33 of Plaintiff's Complaint contain no allegations against the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

5. The Defendant denies the allegations contained in Paragraphs 34 and 35 and demands strict proof thereof.

6. Paragraph 36 of Plaintiff's Complaint contains no allegations against the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

7. The Defendant admits only so much of Paragraph 37 as alleges that the Defendant had a duty to perform its work in accordance with its contract documents and project directions by D.R. Horton as well as prevailing industry standards. All other allegations contained in Paragraph # are denied and strict proof is demanded thereof.

8. Paragraph 38 of Plaintiff's Complaint contains no allegations against the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

9. The Defendant denies the allegations contained in Paragraphs 39 through 43 and demands strict proof thereof.

10. Paragraphs 44 and 45 of the Plaintiff's Complaint contain no allegations against the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

11. The Defendant denies the allegations contained in Paragraphs 46 and 47 and demands strict proof thereof.

12. Paragraphs 48 through 53 of the Plaintiff's Complaint contain no allegations against the Defendant and therefore no answer is required. To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof. Furthermore, this Defendant alleges that its scope of work was limited on the subject project such that an action against this Defendant does not meet the legal standards for certification as a class action.

13. The Defendant denies the allegations contained in Paragraphs 54 through 70 and demands strict proof thereof.

14. Paragraph 71 of the Plaintiff's Complaint is merely a recitation of the previous paragraphs, and therefore no response is required.

15. The Defendant denies the allegations contained in Paragraph 72 of the Plaintiff's Complaint and demands strict proof thereof.

16. The Defendant admits only so much of Paragraph 73 as alleges that the Defendant had a duty to perform its work in accordance with its contract documents and project directions by D.R. Horton as well as prevailing industry standards. All other allegations contained in Paragraph # are denied and strict proof is demanded thereof.

17. The Defendant denies the allegations contained in Paragraphs 74 through 76 and demands strict proof thereof.

18. Paragraph 77 states a conclusion of law and, accordingly, an answer is not

required; to the extent an allegation of fact is made, the Defendant denies it and demands strict proof thereof.

19.     The Defendant denies the allegations contained in Paragraphs 78 and 79 of the Plaintiff's Complaint and demands strict proof thereof.

20.     Paragraph 80 of the Plaintiff's Complaint is merely a recitation of the previous paragraphs, and therefore no response is required.

21.     The Defendant denies the allegations contained in Paragraphs 81 and 82 and demands strict proof thereof.

22.     Paragraph 83 of Plaintiff's Complaint fails to allege any allegations against the Defendant and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

23.     The Defendant denies the allegations contained in Paragraphs 84 and 85 of the Plaintiff's Complaint and demands strict proof thereof.

24.     Paragraph 86 of the Plaintiff's Complaint is merely a recitation of the previous paragraphs, and therefore no response is required.

25.     Paragraphs 87 through 93 of Plaintiff's Complaint contain no allegations against the Defendant and therefore no answer is required.  To the extent an allegation of fact is alleged, the Defendant denies the same and demands strict proof thereof.

**FOR A SECOND DEFENSE**
**(Intervening/Superceding Cause)**

26.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

27.     The claims against Defendant are barred, because even if the Defendant was negligent as alleged by the Plaintiff, which is specifically denied, the intervening and/or

- 4 -

superseding negligence of others was the direct and proximate cause of the damages, if any, suffered by the Plaintiff.

**FOR A THIRD DEFENSE**
**(Sole Negligence of Others)**

28.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

29.     The direct and proximate cause of the damages, if any, was the negligence, gross negligence, wanton and reckless conduct of some other person or corporation, and, accordingly, the Defendant is not liable to the Plaintiff.

30.     Specifically, this Defendant would assert and allege that it performed work on only a limited subset of homes within what was designated as "Phase 1" of this development. Upon information and belief D.R. Horton engaged one or more other contractors to perform the alleged work on the remainder of the homes on "Phase1" and the entirety of "Phase 2" and/or any subsequent designated phases on this project.

**FOR A FOURTH DEFENSE**
**(Comparative Negligence)**

31.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

32.     The damages, if any, must be reduced because even if the Defendant  was negligent as alleged by the Plaintiff, which is specifically denied, the alleged negligence of the Defendant  must be measured against the negligence of the Plaintiff and/or their agents in failing or refusing to exercise reasonable care in the maintenance, repair, restoration, and upkeep of the property in question.

**FOR A FIFTH DEFENSE**
**(Waiver)**

33.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

34.     The claims are barred in whole, or in part, by Plaintiff's waiver.

## FOR A SIXTH DEFENSE
### (Estoppel)

35.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

36.     The claims are barred in whole, or in part, by the doctrine of estoppel.

## FOR A SEVENTH DEFENSE
### (Unclean Hands)

37.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

38.     The claims are barred in whole, or in part, by the doctrine of unclean hands.

## FOR AN EIGHTH DEFENSE
### (Laches)

39.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

40.     The claims are barred in whole, or in part, by the doctrine of laches.

## FOR A NINTH DEFENSE
### (Statute of Limitations/Repose)

41.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

42.     The claims are barred in whole, or in part, by the applicable statutes of limitation or statutes of repose.

## FOR A TENTH DEFENSE
### (Failure to Mitigate)

43.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

44.     The causes of action against the Defendant are barred, or the damages are limited, by the Plaintiff's failure to mitigate damages.

## FOR AN ELEVENTH DEFENSE
### (Statute of Frauds)

45.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

46.     The claims against the Defendant  based upon alleged express warranties are barred in whole, or in part, by the statue of frauds.

## FOR A TWELFTH DEFENSE
### (Right to Cure)

47.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

48.     The causes of action against the Defendant are barred because the Plaintiff failed to provide the Defendant  with notice and a right to cure the alleged problems pursuant SC Code Ann. §40-59-810 *et seq.*

## FOR A THIRTEENTH DEFENSE
### (Open and Obvious Condition)

49.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

50.     The causes of action against the Defendant are barred because if any defects existed, which is specifically denied herein, any such defects constituted open and obvious conditions about which the Plaintiff knew or should have known at the time of purchase.

## FOR A FOURTEENTH DEFENSE
### (Failure to State a Claim)

51.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

52.     The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), SCRCP.

## FOR A FIFTEENTH DEFENSE
### (Economic Loss Doctrine)

53.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

54.     The causes of action against the Defendant are barred by the economic loss doctrine.

## FOR A SIXTEENTH DEFENSE
### (Exclusion/Modification/Limitation of Warranties)

55.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

56.     The causes of action against the Defendant are barred in whole or in part because to the extent any warranties existed, the Plaintiff's own actions have resulted in the exclusion, modification, or limitation of any such warranties.

## FOR A SEVENTEENTH DEFENSE
### (Disclaimer of Warranties)

57.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

58.     The causes of action against the Defendant are barred in whole or in part because of the disclaimer of warranties.

## FOR AN EIGHTEENTH DEFENSE
### (Expiration of Warranties)

59.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

60.     The causes of action against the Defendant  are barred in whole or in part because to the extent any warranties existed, all such warranties have expired.

## FOR A NINETEENTH DEFENSE
### (Failure to Make a Claim within Applicable Warranty Period)

61.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

62.     The causes of action against the Defendant are barred in whole or in part because to the extent any warranties existed, the Plaintiff failed to file a claim within the applicable warranty period.

## FOR A TWENTIETH DEFENSE
### (Exclusion/Modification/Limitation of Remedies)

63.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

64.     The causes of action against the Defendant are barred in whole or in part because of the exclusion, modification, or limitation of remedies.

## FOR A TWENTY-FIRST DEFENSE
### (Disclaimer of Remedies)

65.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

66.     The causes of action against the Defendant are barred in whole or in part because of the disclaimer of remedies.

**FOR A TWENTY-SECOND DEFENSE**
**(Compliance with Industry Customs, Practices, and Standards)**

67.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

68.     The causes of action against the Defendant are barred in whole or in part because the Defendant's work on the residence at issue complied with the industry customs, practices, and standards given the state of the art in the construction industry at the time of construction.

**FOR A TWENTY-THIRD DEFENSE**
**(Lack of Privity)**

69.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

70.     The causes of action against the Defendant are barred in whole or in part because the Plaintiff lack privity with the Defendant

**FOR A TWENTY-FOURTH DEFENSE**
**(Purchase with Notice)**

71.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

72.     The causes of action against the Defendant are barred because to the extent any construction defects existed, which is expressly denied herein, the Plaintiff purchased the property with actual or constructive notice of such defects

**FOR A TWENTY-FIFTH DEFENSE**
**(Reservation and Non-Waiver of Contribution/Indemnity Claim)**

73.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

74.     The Defendant reserves the right and does not waive the right to raise a claim for indemnity and/or contribution as to any Co-Defendant or Third-Party Defendant pursuant to S.C.

- 10 -

Code Ann. §15-38-10, *et seq.*

### FOR A TWENTY-SIXTH DEFENSE
**(Spoliation of Evidence)**

75.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

76.     The Defendant is informed and believes that the claims for damages are barred based upon the spoliation of evidence.

### FOR A TWENTY-SEVENTH DEFENSE
**(Punitive Damages)**

77.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

78.     The imposition of punitive damages on the basis of the events giving rise to this lawsuit would deprive the Defendant of liberty and property without due process of law, impose cruel and unusual punishment and excessive fines, and would deny the equal protection of the laws in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the comparable provision of the Constitution of the State of South Carolina.

### FOR A TWENTY-EIGHTH DEFENSE
**(Set Off)**

79.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

80.     Any recovery must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to the damages.

### FOR A TWENTY-NINTH DEFENSE
**(Plans and Specifications)**

- 11 -

81.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

82.     The Defendant performed in accordance with the plans and specifications furnished and warrantied by the general contractor, owner/developer and architect, thereby discharging any duties, contractual or otherwise, that the Defendant allegedly may have or have had to the Plaintiff or to any other person or entity.

## FOR A THIRTIETH DEFENSE
### (Certificate of Occupancy)

83.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

84.     The property at issue was designed, constructed and certified for occupancy in conformity with the then applicable and prevailing industry, construction, and governmental standards, regulations, and/or statutory requirements.

## FOR A THIRTY-FIRST DEFENSE
### (Failure to Join a Necessary Party)

85.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

86.     The Plaintiff may have failed to join a party necessary to this litigation as required by Rule 19, SCRCP, and the Complaint should be dismissed pursuant to Rule 12(b)(7) SCRCP.

## FOR A THIRTY-SECOND DEFENSE
### (Reservation and Non-Waiver)

87.     The allegations previously set forth herein are re-alleged and adopted as part of this Defense as if repeated verbatim.

88.     The Defendant reserves and does not waive any additional or further defenses as

may be revealed by additional information that may be acquired in discovery or otherwise.

**FOR A THIRTY-THIRD DEFENSE AND BY WAY OF THIRD-PARTY COMPLAINT AGAINST JOSE FIDEL ESPINAL; SAMUEL SIDING, LLC; JASSO CONSTRUCTION, LLP; FLORINA YANEZ; CARLOS SOLANO; YONATAN OMAR MENDOZA AGUILAR; ALINA ARAUJO OROZCO; CARLOS RAMOS; AND GILBERTO GONZALEZ**

89.     The Plaintiffs filed a lawsuit against this Defendant and others alleging the existence of deficient and defective construction at the residences within the Rivermill subdivision in Anderson County, State of South Carolina. The Court has jurisdiction over the claims and parties asserted in Defendant's Third-Party Complaint because the claims asserted herein are so related to claims in the action within the Court's original jurisdiction that are part of the same case or controversy.

90.     Upon information and belief, Jose Fidel Espinal ("Espinal") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

91.     Upon information and belief, Samuel Siding, LLC ("Samuel") at all times relevant hereto is a limited liability company organized and operating in the State of South Carolina and conducted business in Anderson County, South Carolina.

92.     Upon information and belief, Jasso Construction, LLP ("Jasso") at all times relevant hereto is a limited liability partnership organized and operating in the State of South Carolina and conducted business in Anderson County, South Carolina.

93.     Upon information and belief, Florina Yanez ("Yanez") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

94.     Upon information and belief, Carlos Solano ("Solano") at all times relevant hereto

- 13 -

is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

95.     Upon information and belief, Yonatan Omar Mendoza Aguilar ("Aguilar") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

96.     Upon information and belief, Alina Araujo Orozco ("Orozco") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

97.     Upon information and belief, Carlos Ramos ("Ramos") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

98.     Upon information and belief, Gilberto Gonzalez ("Gonzalez") at all times relevant hereto is a citizen and resident of the State of South Carolina and conducted business in Anderson County, South Carolina.

99.     Espinal, Samuel, Jasso, Yanez, Solano, Aguilar, Orozco, Ramos and Gonzalez shall be collectively referred to as the "Subcontractor Defendants".

100.     By and exclusively through the use of the Subcontractor Defendants, Defendant did perform work on homes contained within what was designated as a portion of the First Phase of the project. Defendant's scope of work was limited to installation of cement fiber siding and trim materials supplied by D.R. Horton.

101.     The Subcontractor Defendants had a duty to exercise to reasonable care in the performance of their work and expressly and/or impliedly warranted their labor and materials will be of workmanlike quality, would be in accordance of all applicable specifications and

plans, would meet industry standards and that their work constituted good workmanlike services.

102.    In the event this Defendant is found liable to Plaintiffs for the claims asserted against it by Plaintiffs, which is denied, then, as set forth below, Defendant is entitled to indemnification for all settlements, judgments, costs, attorneys' fees and other monies expended in connection with this action from the Subcontractor Defendants.

## FOR A FIRST CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANTS
### (Indemnity)

103.    The relationship between Defendant and the Third-Party Defendants is that of contractor and subcontractors.

104.    This relationship meets the requisites to form a special relationship between the Defendant and each of the Third-Party Defendants.

105.    In the event the Plaintiff can prove liability for the damages alleged, such liability will establish negligence of the Third-Party Defendants and/or breach of their contractual duties to Defendant

106.    In the event the Plaintiff can prove liability against the Defendant, the Defendant is without fault in regard thereto and is entitled to judgment, jointly and severally, against the Third-Party Defendants for full and complete equitable indemnity against any such liability, plus costs, expenses and attorney's fees in defending the action.

## FOR A SECOND CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANTS
### (Negligence)

107.    In the event the Plaintiff can prove liability for the damages alleged, it is due to the act of the Third-Party Defendants which was negligent, careless, and reckless in the design,

supervision, construction, inspection or supplying of the work outlined above and incorporated into the project.

108. As a direct and proximate result of such negligence, carelessness and recklessness, Defendant has been damaged in reputation and the amount of any monies it is adjudged to owe to the Defendant, or which it pays to Defendant in settlement of Defendant's claims, plus the cost of investigating and defending this claim.

109. Upon information and belief, Defendant is entitled to judgment for actual damages, including but not limited to loss of reputation damages and loss of business damages, collectively or individually against the Third-Party Defendants in the amount to be determined by the Jury, as well as the fees and costs incurred in the investigation, defense and settlement of this claim.

**WHEREFORE**, the Defendant having fully answered the Plaintiff's Complaint, and having set forth its Third Party Complaint herein, prays as follows:

a. Dismissal of the Plaintiff's Complaint;

b. Trial by jury of all matters so triable;

c. Costs and disbursements for the defense of this action;

d. For judgment in its favor on its Fourth-Party Complaint in an amount to reimburse it for all monies paid to the Third-Party Plaintiff as well as the cost and attorney's fees incurred in defending this action.

e. For such other and further relief as this Court may deem just and proper.

GRIFFITH, FREEMAN & LIIPFERT, LLC

By:    *s/Michael D. Freeman*
        Michael D. Freeman (Fed. ID 9402)
        600 Monson Street
        PO Drawer 570
        Beaufort, SC 29901
        843-521-4242
        843-521-4247 (fax)
        mfreeman@griffithfreeman.com

        ATTORNEYS FOR CANNADY SIDING &
        GUTTER, INC

January 15, 2026
Beaufort, South Carolina