# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON DIVISION

| | |
|---|---|
| Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated, | CASE No.: 8:26-CV-00097-DCC |
| Plaintiff | |
| vs. | |
| D.R. Horton, Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | **D.R. HORTON, INC.'S ANSWER, CROSSCLAIMS, AND THIRD-PARTY COMPLAINT** |
| Defendants. | |
| D.R. Horton, Inc., | |
| Crossclaim Plaintiff and Third-Party Plaintiff, | |
| vs. | |
| Alpha Omega Construction Group, Inc., Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | |
| Crossclaim Defendants, and | |
| Mark III Properties, LLC; P&L Enterprises, LLC; Damian Magos Mendoza; General Shale Brick, Inc.; Meridian Brick, LLC; Rite Rug, Co.; Builders First Source – Southeast Group, LLC; Brand Vaughan Lumber, Co.; Valmen Solutions, LLC; Bravo Carpenters, Inc.; CJ Framing, LLC; Get Floored, LLC; Lansing Building Products, LLC; American Concrete & Precast, LLC; Five Star Foundations, LLC; One Tree Hill, Inc. d/b/a Willis Landscaping; The Loving Group, LLC; All in One Insulation, LLC; Marlowe Environmental, LLC; Kings Landscaping, LLC; Earthworks Unlimited, | |

1

Inc.; CSI Erosion, Inc.; CSI Erosion SC, Inc.; Superior Grading, LLC; Cedar Ridge Landscaping, LLC; Dupree Plumbing Co., Inc.; A-Z, Inc; Installed Building Products, LLC d/b/a Custom Glass Atlanta; Saldana Brothers, Inc.; 84 Lumber Company; Carter Lumber Company; Justin Villines, LLC; GBS Building Supply US LBM, LLC; Garcia Painting & Drywall, LLC; UTM Enterprises, Inc.; McGillicuddy Concrete, LLC; Bianchi & Company, Inc.

Third-Party Defendants.

COMES NOW, Defendant D.R. Horton, Inc. ("D.R. Horton" or "Defendant"), by and through undersigned counsel, and hereby answers the Complaint of Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated ("Plaintiffs"), and asserts Crossclaims and Third-Party Claims, as set forth below, and shows as follows:

**FOR A FIRST DEFENSE**

1.     Each and every allegation contained within Plaintiffs' Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.     D.R. Horton is filing its Answer, Crossclaims, and Third-Party Complaint subject to its deadline to file the same and such filing is not intended as a waiver or release of its rights to arbitration of this matter. D.R. Horton's Motion to Stay and Compel Arbitration and Motion to Stay All Deadlines are forthcoming.

3.     D.R. Horton admits the allegations contained in Paragraph 1 of the Complaint.

4.     In response to Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13, D.R. Horton states that it lacks knowledge or information sufficient to form a belief as to the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

5.     D.R. Horton denies that this matter is proper for a class action lawsuit as alleged in Paragraph 14 of the Complaint, and therefore denies the allegations contained therein.

6.     D.R. Horton admits the allegations contained in Paragraphs 15 and 16 of the Complaint.

7.     In response to Paragraphs 17 and 18 of the Complaint, D.R. Horton admits that it constructed various residences in the Rivermill Subdivision. All remaining allegations contained in Paragraphs 17 and 18 of the Complaint are denied.

8.     Paragraphs 19, 20, 21, 22, 23, and 24 of the Complaint are not directed at D.R. Horton, and therefore, no response on behalf of D.R. Horton is required. To the extent such a response is required, D.R. Horton denies all allegation contained in these Paragraphs.

9.     D.R. Horton denies the allegations of Paragraph 25 of the Complaint.

10.     D.R. Horton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26 and 27 and therefore denies the same.

11.     D.R. Horton lacks knowledge or information sufficient to form a belief as to the reasons which gave rise to this matter as alleged in Paragraph 28 of the Complaint, and therefore, D.R. Horton denies the allegations contained in Paragraph 28 and demands strict proof thereof.

12.     Upon information and belief, D.R. Horton admits the allegations contained in Paragraph 29 of the Complaint.

13.     Paragraph 30 of the Complaint contains legal conclusions which can neither be admitted nor denied. To the extent a response is required, D.R. Horton denies the allegations contained in Paragraph 30 and demands strict proof of the same.

14.     D.R. Horton denies the allegations contained in Paragraphs 31, 32, 33, 34, and 35 of the Complaint and demands strict proof thereof.

15.     D.R. Horton denies the allegations contained in Paragraph 36 and demands strict proof thereof.

16.     Paragraph 37 of the Complaint contains a legal conclusion which can neither be admitted nor denied. To the extent a response is required to this paragraph, it is denied and strict proof is demanded thereof.

17.     D.R. Horton denies the allegations contained in Paragraph 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, and 70  of the Complaint, including all subparagraphs, and demands strict proof thereof.

18.     In response to Paragraph 71 of the Complaint, D.R. Horton reasserts its foregoing responses as if restated verbatim herein.

19.     Paragraphs 72, 73, and 74 contain legal conclusions which can neither be admitted nor denied. To the extent a response is required, D.R. Horton denies the allegations contained therein and demands strict proof thereof.

20.     D.R. Horton denies the allegations contained in Paragraph 75 (including all subparts) and Paragraph 76 of the Complaint and demands strict proof thereof.

21.     Paragraph 77 of the Complaint contains a legal conclusion which can neither be admitted nor denied. To the extent a response is required, D.R. Horton denies the allegations contained therein and demands strict proof thereof.

22.     D.R. Horton denies the allegations contained in Paragraphs 78 and 79 of the Complaint and demands strict proof thereof.

23.     In response to Paragraph 80 of the Complaint, D.R. Horton reasserts its foregoing responses as if restated verbatim herein.

24. Paragraphs 81, 82, and 83 of the Complaint contain legal conclusions which can be neither admitted nor denied. To the extent a response is required, D.R. Horton denies the allegations contained therein and demands strict proof thereof.

25. D.R. Horton denies the allegations contained in Paragraphs 84 and 85 of the Complaint and demands strict proof thereof.

26. In response to Paragraph 86 of the Complaint, D.R. Horton reasserts its foregoing responses as if restated verbatim herein.

27. Paragraphs 87 and 88 of the Complaint contain legal conclusions which can neither be admitted nor denied. To the extent a response is required, D.R. Horton denies the allegations contained therein and demands strict proof thereof.

28. D.R. Horton denies the allegations contained in Paragraphs 89, 90, 91, 92, and 93 of the Complaint including, without limitation, the existence of any defects and demands strict proof thereof.

29. D.R. Horton denies any and all remaining allegations of the Complaint including Plaintiff's Prayer for Relief as set forth in the Paragraph beginning with "WHEREFORE" which claims entitlement to actual damages, attorneys' fees, costs, and any other relief and prays that this action against D.R. Horton be dismissed.

### FOR A SECOND DEFENSE
### (Failure to State a Cause of Action)

30. D.R. Horton asserts that, pursuant to Rule 12(b)(6), SCRPC, and Rule 12(b)(6), FRCP, Plaintiffs have failed to state a claim upon which relief may be granted, and this matter should be dismissed.

### FOR A THIRD DEFENSE
### (Arbitration)

5

31.     D.R. Horton asserts that this matter is subject to binding arbitration as to Plaintiffs, Crossclaim Defendants, and Third-Party Defendants pursuant to agreements binding these parties to arbitration. Therefore, this Court does not have jurisdiction to hear this matter until arbitration is completed. D.R. Horton will be filing a Motion to Stay and Compel Arbitration and a Motion to Stay All Deadlines with accompanying motions and affidavits.

## FOR A FOURTH DEFENSE
### (Lack of Standing)

32.     Plaintiffs lack standing to make the claims asserted against D.R. Horton in this action.

## FOR A FIFTH DEFENSE
### (Failure to give notice of right to cure)

33.     Plaintiffs have failed to comply with the requirements of the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act and, as such, this action should be stayed until Plaintiffs have complied with the requirements of said Act.

## FOR A SIXTH DEFENSE
### (Failure to Establish Class Action)

34.     D.R. Horton asserts Rule 23, SCRCP and Rule 23, FRCP as an affirmative defense in this matter and states that Plaintiffs fail to satisfy the requirements contained therein.

## FOR A SEVENTH DEFENSE
### (Failure to State a Claim or Cause of Action)

35.     Plaintiffs fail to state a claim upon which relief may be granted and fail to state a cause of action against D.R. Horton.

## FOR AN EIGHTH DEFENSE
### (Laches, Estoppel, Waiver)

36.     Plaintiffs' claims asserted against D.R. Horton are barred by the equitable doctrines of laches, waiver, and/or estoppel.

**FOR A NINTH DEFENSE**
**(Spoliation)**

37.     Plaintiffs' claims against D.R. Horton are barred by the Doctrine of Spoliation of Evidence.

**FOR A TENTH DEFENSE**
**(Unclean Hands)**

38.     Plaintiffs' claims against D.R. Horton are barred by the Doctrine of Unclean Hands.

**FOR AN ELEVENTH DEFENSE**
**(Negligence of Others)**

**39.**     D.R. Horton alleges that the direct and proximate cause of Plaintiff's alleged damages, if any exist which is expressly denied, was the negligence, gross negligence, wanton and reckless conduct of some other person or entity and, accordingly, D.R. Horton is not liable to Plaintiffs.

**A TWELFTH DEFENSE**
**(Comparative Negligence)**

40.     Plaintiffs' claims and damages, if any exist which is expressly denied, are barred, or should be reduced, by Plaintiffs' own contributory and comparative negligence and recklessness which combined, contributed, and concurred with any alleged negligence on the part of D.R. Horton, if any which is expressly denied.

**FOR A THIRTEENTH DEFENSE**
**(Offset)**

41.     D.R. Horton is entitled to offset in the amount of any and all damages recovered by the Plaintiffs from others for the same injuries and/or damages alleged in this suit.

**FOR A FOURTEENTH DEFENSE**
**(Betterment)**

7

42.    Plaintiffs are not entitled to recover for repairs/renovations which will put Plaintiffs in a better position than they would have been in if all contracts/warranties had been properly performed and fulfilled, and any damages must be reduced by the amount of betterments made or to be made to Plaintiffs' residences.

## FOR A FIFTEENTH DEFENSE
### (Failure to Mitigate)

43.    D.R. Horton alleges that Plaintiffs had an obligation to mitigate damages but failed to do so.

## FOR A SIXTEENTH DEFENSE
### (Compliance with Industry Standards)

44.    Any and all materials, work, or services, provided by D.R. Horton met all relevant industry customs, practices, and standards.

## FOR A SEVENTEENTH DEFENSE
### (Acceptance of Work)

45.    D.R. Horton alleges that the final completion and acceptance of the work undertaken by D.R. Horton constitutes a complete defense to all claims asserted by Plaintiffs.

## FOR AN EIGHTEENTH DEFENSE
### (Proximate Cause)

46.    D.R. Horton asserts that even if it were negligent, which is expressly denied, Plaintiffs' claims are barred due to the lack of proximate cause between Plaintiffs' alleged damages and the alleged inactions/actions of D.R. Horton.

## FOR A NINETEENTH DEFENSE
### (Scope of Work)

47.    D.R. Horton asserts that any obligations to Plaintiffs are limited to services provided pursuant to D.R. Horton's scope of work; therefore, to the extent that any of Plaintiffs'

claims include allegations against D.R. Horton that are outside the scope of services and work performed by D.R. Horton, those claims are barred.

## FOR A TWENTIETH DEFENSE
### (Limitation of Warranty)

48.    Plaintiffs' claims are, upon information and belief, barred as they fail to make a claim against D.R. Horton within the applicable implied and express warranty period and would be reduced to the extent that D.R. Horton provided a warranty which was in lieu of all other warranties.

## FOR A TWENTY-FIRST DEFENSE
### (Intervening/Superseding Cause)

49.    D.R. Horton asserts that even if it was negligent or reckless in any respect, which is expressly denied, it is not liable to Plaintiffs for any resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful, and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by Plaintiffs. D.R. Horton further asserts that the intervening acts of a third party or parties were the sole and proximate cause of injuries to Plaintiffs, and this action should be dismissed.

## FOR A TWENTY-SECOND DEFENSE
### (Legal Duty)

50.    D.R. Horton has no legal duty to Plaintiffs as a matter of law.

## FOR A TWENTY-THIRD DEFENSE
### (Statute of Limitations/Repose)

51.    D.R. Horton alleges that Plaintiffs' claims are barred by the applicable Statute of Limitations and Statute of Repose.

## FOR A TWENTY-FOURTH DEFENSE
### (Punitive Damages)

52.     D.R. Horton would show that if the Plaintiffs are making any claim for punitive damages, which is inappropriate, the same violates the due process and equal protection laws of the United States Constitution and the Constitution of the State of South Carolina.

53.     Punitive damages are inappropriate in this case as a matter of law and also because D.R. Horton did not engage in any malicious, reckless, wrongful, or intentional conduct upon which an award of punitive damages would be based.

54.     D.R. Horton would show that any award of punitive damages, which D.R. Horton denies is appropriate, is subject to the limitations set forth in South Carolina Code §15-32-530.

## FOR A TWENTY-FIFTH DEFENSE
### (Workmanlike Manner)

55.     D.R. Horton asserts that all work performed was done in a workmanlike manner and therefore no breach of warranty may exist.

## FOR A TWENTY-SIXTH DEFENSE
### (Disclaimer of Warranty)

56.     The Contract(s) disclaims any implied warranties made by D.R. Horton. Therefore, Plaintiff may not maintain any claims relating and/or referring to an implied warranty.

## FOR A TWENTY-SEVENTH EFENSE
### (Failure to Comply with Conditions Precedent)

57.     D.R. Horton asserts that Plaintiffs failed and refused to comply with the contractual conditions precedent to this action.

## FOR A TWENTY-EIGHTH DEFENSE
### (Economic Loss Rule)

58.     D.R. Horton asserts the Economic Loss Rule as a complete and total bar to all of Plaintiffs' causes of action outside Breach of Contract.

### FOR A TWENTY-NINTH DEFENSE
### (Additional Affirmative Defenses)

59.     D.R. Horton hereby gives notice that it intends to rely on such other affirmative defenses pled by other defendants in this matter and as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

**FURTHER ANSWERING THE COMPLAINT AND BY WAY OF CROSSCLAIMS AGAINST ALPHA OMEGA CONSTRUCTION GROUP, INC.[1]; CANNADY SIDING & GUTTER, INC.; L&M ELECTRIC, INC.; LONG HEATING & AIR CONDITIONING, INC.; AND M&L REYNA CONSTRUCTION, LLC AND THIRD-PARTY CLAIMS AGAINST MARK III PROPERTIES, LLC; P&L ENTERPRISES, LLC; DAMIAN MAGOS MENDOZA; GENERAL SHALE BRICK, INC; MERIDIAN BRICK, LLC; RITE RUG, CO.; BUILDERS FIRST SOURCE – SOUTHEAST GROUP, LLC; BRAND VAUGHAN LUMBER, CO.; VALMEN SOLUTIONS, LLC; BRAVO CARPENTERS, INC.; CJ FRAMING, LLC; GET FLOORED, LLC; LANSING BUILDING PRODUCTS, LLC; AMERICAN CONCRETE AND PRECAST, LLC; FIVE STAR FOUNDATIONS, LLC; ONE TREE HILL, INC. D/B/A WILLIS LANDSCAPING; THE LOVING GROUP, LLC; ALL IN ONE INSULATION, LLC; MARLOWE ENVIRONMENTAL, LLC; KINGS LANDSCAPING, LLC; EARTHWORKS UNLIMITED, INC.; CSI EROSION, INC.; CSI EROSION SC, INC.; SUPERIOR GRADING, LLC; CEDAR RIDGE LANDSCAPING, LLC; DUPREE PLUMBING CO., INC.; A-Z, INC.; INSTALLED BUILDING PRODUCTS, LLC D/B/A CUSTOM GLASS ATLANTA; SALDANA BROTHERS, INC; 84 LUMBER COMPANY; CARTER LUMBER COMPANY; JUSTIN VILLINES, LLC; GBS BUILDING SUPPLY US LBM, LLC; GARCIA PAINTING & DRYWALL, LLC; UTM ENTERPRISES, INC.; MCGILLICUDDY CONCRETE, LLC; BIANCHI & COMPANY, INC.**

60.     D.R. Horton reasserts its foregoing responses to the Complaint as if restated verbatim herein.

61.     D.R. Horton is a corporation organized and existing under the laws of the State of Delaware and is authorized to do business in the State of South Carolina. D.R. Horton served as a

---

[1] Upon information and belief, Plaintiffs have improperly named Alpha Omega Construction Group, Inc as "Alpha & Omega Construction, LLC." D.R. Horton demands that Plaintiffs amend their Complaint to substitute the correct party name. D.R. Horton's Crossclaims are asserted against Alpha Omega Construction, LLC, which is, upon information and belief, the correct party name for the entity which provided work to Rivermill.

11

residential builder within a subdivision known as Rivermill located in Anderson County, South Carolina ("Rivermill").

62.    The homes and lots within Rivermill were developed and constructed, at least in part, by Mark III Properties, LLC ("Mark III").

63.    Mark III was the developer of Rivermill and caused the real property comprising Rivermill to be engineered, tested, and developed into pad-ready lots together with subdivision infrastructure.

64.    D.R. Horton entered into a Lot Purchase Agreement ("LPA") with Mark III to purchase developed lots (hereinafter "Lots") in Rivermill.

65.    Pursuant to the LPA, Mark III agreed to sell and D.R. Horton agreed to purchase fully developed, pad-ready Lots in Rivermill. In addition to conveying the fully developed residential Lots to D.R. Horton, the LPA required Mark III to meet specifications in preparing the Lots for sale to D.R. Horton.

66.    D.R. Horton purchased the Lots from Mark III with the understanding that the Lots were developed in accordance with construction plans, contract requirements, industry standards, and/or building code requirements so as to avoid construction defects.

67.    D.R. Horton purchased the Lots from Mark III subject to the LPA and completed construction of the Homes on the Lots designed, graded, and/or otherwise prepared by or on behalf of Mark III.

68.    During construction of the homes, D.R. Horton individually contracted with the following subcontractors who agreed to perform work at the residences in Rivermill (the "Homes"): Alpha Omega Construction Group, Inc.; Cannady Siding & Gutter, Inc.; L&M Electric, Inc.; Long Heating & Air Conditioning, Inc.; M&L Reyna Construction, LLC; P&L Enterprises,

12

LLC; Damian Magos Mendoza; General Shale Brick, Inc.; Meridian Brick, LLC; Rite Rug, Co.; Builders First Source – Southeast Group, LLC; Brand Vaughan Lumber, Co.; Valmen Solutions, LLC; Bravo Carpenters, Inc.; CJ Framing, LLC; Get Floored, LLC; Lansing Building Products, LLC; American Concrete & Precast, LLC; Five Star Foundations, LLC; One Tree Hill, Inc. d/b/a Willis Landscaping; The Loving Group, LLC; All in One Insulation, LLC; Marlowe Environmental, LLC; Kings Landscaping, LLC; Earthworks Unlimited, Inc.; CSI Erosion, Inc.; CSI Erosion SC, Inc.; Superior Grading, LLC; Cedar Ridge Landscaping, LLC; Dupree Plumbing Co., Inc.; A-Z, Inc; Installed Building Products, LLC d/b/a Custom Glass Atlanta; Saldana Brothers, Inc.; 84 Lumber Company; Carter Lumber Company; Justin Villines, LLC; GBS Building Supply US LBM, LLC; Garcia Painting & Drywall, LLC; UTM Enterprises, Inc.; McGillicuddy Concrete, LLC; Bianchi & Company, Inc. (hereinafter "Subcontractors") as subcontractors to provide certain labor and/or supply certain materials (collectively and individually the "Work") concerning the construction of the Homes in Rivermill.

69.     Each Subcontractor entered into an individual contract with D.R. Horton regarding its performance of Work on the Homes. These respective contracts shall be collectively referred to as the "Subcontractor Agreements" and individually as a "Subcontractor Agreement."

70.     Subcontractors agreed to perform their Work on the Homes in a good and workmanlike manner.

71.     Subcontractors were aware of the need and the importance of constructing the Homes in Rivermill in accordance with construction plans, contract requirements, industry standards, and/or building code requirements so as to avoid construction defects.

72.     D.R. Horton contracted with Subcontractors to perform their Work on the Homes, which gives rise to contractual and common law duties in tort and/or warranty. D.R. Horton has

recently been made aware that Subcontractors' Work may be defective. If Subcontractors' Work was defective, Subcontractors breached their contractual and common law duties to D.R. Horton and caused damages at the time the Work was performed. Subcontractors' allegedly defective Work gives rise to causes of action in favor of D.R. Horton against Subcontractors at the time the Work was performed and caused D.R. Horton damages, which would not become apparent for years. Those damages include extra workload, repair or costs to repair any defective Work, previously unknown breaches of D.R. Horton's common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage, and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to Subcontractors' defective, latent, and previously unknown errors.

73.     Plaintiffs have filed a Complaint against D.R. Horton seeking damages related to the construction and workmanship (a/k/a the "Work") of the Homes in Rivermill alleging that the Homes were constructed defectively.

74.     Upon information and belief, the Complaint implicates each respective Subcontractors' Work.

75.     Upon information and belief, each Subcontractor Agreement contains an indemnification clause, wherein Subcontractors agreed to indemnify D.R. Horton for the Work.

76.     D.R. Horton has fully satisfied and performed all requirements associated with each respective Subcontractor Agreement.

77.     Although D.R. Horton is without fault, by virtue of the alleged acts and omissions of the Subcontractors, D.R. Horton has been subjected to damages including, without limitation, extra work load, repair or repair costs of the defective Work, previously unknown breaches of D.R. Horton's common law duties, express and implied warranties, and contractual relationships with

14

other parties, costs of investigation, damage and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to Subcontractors' defective, latent, and previously unknown errors.

**FOR A FIRST CAUSE OF ACTION**
**(Contractual Indemnification as to Subcontractors and Mark III)**

78.     D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

79.     Plaintiffs have sued D.R. Horton claiming damages related to construction work performed by Subcontractors and Mark III in Rivermill.

80.     Mark III directly contracted with D.R. Horton to perform certain construction work related to the development of the Lots in Rivermill.

81.     Subcontractors contracted directly with D.R. Horton to perform certain construction services on the Homes in Rivermill.

82.     Plaintiffs have alleged certain deficiencies in the work of the Subcontractors and Mark III and have alleged that the same caused damage to the Plaintiffs.

83.     D.R. Horton is informed and believes that if, in fact, Plaintiffs are correct regarding the allegations of the Complaint, that the defects, if any, are the result of the wrongful acts, breach of warranties, omissions, negligence, gross negligence, and/or representations of the Subcontractors and Mark III all of which are contrary to the statutory and common laws of the State of South Carolina.

84.     D.R. Horton has suffered damages including, without limitation, future adjudication of liability to Plaintiffs in this action, and such liability would be the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence, and/or gross negligence of the Subcontractors and Mark III, which have damaged D.R. Horton as set forth more

fully above. To the extent, if any, D.R. Horton is held liable to Plaintiffs in this action, the alleged acts or omissions of the Subcontractors and Mark III are the independent, active, primary, superseding, and/or intervening cause of damages allegedly suffered by Plaintiffs, and any wrongful acts or omissions by D.R. Horton, which are expressly denied, were passive and secondary only.

85.     Pursuant to each Subcontract Agreement and the LPA, the Subcontractors and Mark III agreed to indemnify D.R. Horton from damages arising out of work performed by the Subcontractors and Mark III in Rivermill.

86.     D.R. Horton is entitled to a judgment for full contractual indemnification from Subcontractors and Mark III, and D.R. Horton would be entitled to damages for the acts, errors, and/or omissions, breach of warranties, breach of contract, negligence, and/or gross negligence of Subcontractors and Mark III, as described hereinabove, entitling D.R. Horton to recover from Subcontractors and Mark III its damages as set forth above.

**FOR A SECOND CAUSE OF ACTION**
**(Equitable Indemnification – Subcontractors and Mark III)**

87.     D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

88.     Plaintiffs have sued D.R. Horton claiming damages related to construction work performed by Subcontractors and Mark III in Rivermill.

89.     D.R. Horton has denied all substantive allegations against it that were made by Plaintiffs.

90.     A sufficient special relationship exists between D.R. Horton and the Subcontractors and D.R. Horton and the Mark III, such that D.R. Horton could be held liable for the work and/or errors by Subcontractors and Mark III, without any error on the part of D.R. Horton.

91.     D.R. Horton is informed and believes that if, in fact, Plaintiffs are correct about their allegations, that the allegations are the result of the wrongful acts, omissions, breach of contract, breach of warranty, negligence, gross negligence, and/or representations of Subcontractors and Mark III, all of which are contrary to the statutory and common laws of the State of South Carolina.

92.     D.R. Horton has suffered damages including, without limitation, future adjudication of liability to Plaintiffs in this action, and such liability would be the direct and proximate result of the wrongful acts, errors, and/or omissions, negligence, and/or gross negligence of the Subcontractors and Mark III, which have damaged D.R. Horton as set forth more fully above. To the extent, if any, D.R. Horton is held liable to Plaintiffs in this action, the alleged acts or omissions of the Subcontractors and Mark III are the independent, active, primary, superseding, and/or intervening cause of damages allegedly suffered by Plaintiffs, and any wrongful acts or omissions by D.R. Horton, which are expressly denied, were passive and secondary only.

93.     D.R. Horton is entitled to a judgment for full common law indemnification from Subcontractors and Mark III for all damages, as set forth above, including any liability D.R. Horton could be found to have to Plaintiffs in this action, and D.R. Horton would be entitled to damages for the acts, errors, and/or omissions, negligence, and/or gross negligence of Subcontractors and Mark III as described above, entitling D.R. Horton to recover from damages including, without limitation, extra workload, repair or repair costs, previously unknown breaches of common law duties, express and implied warranties, and contractual relationships with other parties, costs of investigation, damage and harm to reputation, and potentially attorneys' fees and litigation costs incurred due to the Subcontractors' and Mark III's latent and previously unknown errors.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract – Subcontractors and Mark III)

94.     D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

95.     Mark III was responsible for executing the requirements of the LPA correctly.

96.     Subcontractors were responsible for executing the requirements in the Subcontractor Agreements correctly.

97.     To the extent Plaintiffs are able to prove their allegations that certain work was not performed correctly in Rivermill, Mark III and the Subcontractors materially breached their contracts in failing to develop the infrastructure and construct the Homes in accordance with contract requirements, industry standards, and/or building code requirements so as to avoid construction defects to the Homes.

98.     D.R. Horton is entitled to judgment against Mark III and Subcontractors for breach of contract plus costs, expenses, attorneys' fees, and other associated damages.

## FOR A FOURTH CAUSE OF ACTION
### (Breach of Express Warranties – Subcontractors and Mark III)

99.     D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

100.    Subcontractors and Mark III made express warranties, including but not limited to, that any materials, installation, and workmanship performed in the development and construction of the Homes were proper and without defects as required by their contracts, applicable building codes, and industry standards.

101.    If the materials, installation, and/or workmanship were not in accordance with contract requirements, building codes, and industry standards, then Subcontractors and Mark III have materially breached their express warranties.

102.    D.R. Horton is entitled to judgment against Subcontractors and Mark III for breach of express warranties along with costs, expenses, attorneys' fees, and other damages associated therewith.

**FOR A FIFTH CAUSE OF ACTION**
**(Breach of Implied Warranties – Subcontractors and Mark III)**

103.    D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

104.    Subcontractors and Mark III implicitly warranted that any materials, installation, and workmanship they performed regarding construction in Rivermill was proper and as required by their contract requirements, construction plans, applicable building codes, common law, warranty of workmanlike service, and industry standards.

105.    If the materials, installation and/or workmanship were not with contract requirements, construction plans, applicable building codes, common law, warranty of workmanlike service, and industry standards, then Subcontractors and Mark III have materially breached their implied warranties.

106.    D.R. Horton is entitled to judgment against Subcontractors and Mark III for breach of implied warranties along with costs, expenses, attorneys' fees, and other damages set forth above.

**FOR A SIXTH CAUSE OF ACTION**
**(Negligence/Gross Negligence/Recklessness – Subcontractors and Mark III)**

107.    D.R. Horton realleges its foregoing responses and allegations consistent with this cause of action as if fully restated verbatim herein.

108.    Upon information and belief, Subcontractors and Mark III owed a duty to use due care in ensuring that proper levels of workmanship were achieved during the construction of Rivermill and the Homes within Rivermill.

109.    If due care was not used, then Subcontractors and Mark III breached that duty of care by failing to ensure that proper levels of workmanship were achieved during the construction of Rivermill and the Homes within Rivermill.

110.    D.R. Horton has been damaged as a direct and foreseeable and proximate result of the Subcontractors' and Mark III's negligence/gross negligence/recklessness, and D.R. Horton is entitled to judgment against the Subcontractors and Mark III for its damages including, without limitation, costs, expenses, attorneys' fees, and other damages as set forth above.

**WHEREFORE**, having fully answered Plaintiffs' Complaint and asserted Crossclaims and Third-Party Claims, D.R. Horton prays for the following:

a.   Dismissal of Plaintiffs' Complaint and all causes of action contained therein, with prejudice, and an award to D.R. Horton of its attorneys' fees, costs, and other expenses incurred by D.R. Horton in defending this action; and

b.   On D.R. Horton's Crossclaims and Third-Party Claims, judgment in favor of D.R. Horton and against Subcontractors and Mark III, jointly and severally, in the amount of any liability D.R. Horton may be found to have to the Plaintiffs and requiring Subcontractors and Mark III to defend, hold harmless, and indemnify D.R. Horton against any damages and/or claims for which D.R. Horton may be liable to Plaintiffs and for which Subcontractors and Mark III are wholly or partially responsible; and

20

c. On D.R. Horton's Crossclaims and Third-Party Claims, judgment in favor of D.R. Horton against Subcontractors and Mark III, jointly and severally, for their breach of contracts in amounts to be determined at trial together with attorneys' fees and costs; and

d. On D.R. Horton's Crossclaims and Third-Party Claims, judgment in favor of D.R. Horton and against Subcontractors and Mark III, jointly and severally, for any costs, losses, or damages D.R. Horton has incurred or may incur as it relates to Subcontractors' and/or Mark III's breach of express or implied warranties to D.R. Horton including, without limitation, attorneys' fees, costs, and any and all other expenses incurred in defending Plaintiffs' Complaint; and

e. On D.R. Horton's Crossclaims and Third-Party Claims, judgment in favor of D.R. Horton and against Subcontractors and Mark III, jointly and severally, for amounts to be determined at trial; and

f. On D.R. Horton's Sixth Cause of Action, judgment in favor of D.R. Horton and against Subcontractors and Mark III, jointly and severally, awarding actual, special, consequential, and punitive damages arising out of their respective negligence, gross negligence, and/or recklessness in amounts to be determined at trial; and

g. Attorneys' fees; and

h. Costs of this action; and

i. Such other and further relief that this Court deems just and proper.

Respectfully submitted,

**KENISON, DUDLEY & CRAWFORD, LLC**

*s/Kimila L. Wooten*

John T. Crawford, Jr. (Fed. Bar # 9066)

Kimila L. Wooten (Fed. Bar # 5525)

21

David L. Paavola (Fed. Bar #11713)
Amelia M. Farmer (Fed. Bar #13891)
Jonathan Abrams (Fed. Bar #14158)
325 West McBee Avenue, Suite 301
Greenville, South Carolina 29601
(864) 242-4899
crawford@conlaw.com
wooten@conlaw.com
paavola@conlaw.com
farmer@conlaw.com
abrams@conlaw.com
***Counsel for Defendant D.R. Horton, Inc.***