EXHIBIT G

ELECTRONICALLY FILED - 2025 Apr 28 9:47 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802903

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | |
| | C.A. No. 2023-CP-08-02903 |
| Donna Brunetti, individually, and on behalf of all others similarly situated, | |
| | AMENDED ORDER REPLACING ORDER SIGNED APRIL 21, 2025 **ORDER DENYING D.R. HORTON'S MOTION TO STAY AND COMPEL ARBITRATION [PROPOSED]** |
| Plaintiff | |
| vs | |
| D.R. Horton, Inc; Alternative Septic Services, LLC and John Doe #1-15, | |
| Defendants | |

Defendant D.R. Horton, Inc. ("D.R. Horton" or "Defendant") submits this [Proposed] Order Denying D.R. Horton's Motion to Stay and Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16, and the South Carolina Uniform Arbitration Act, S.C. Code Ann. §§ 15-48-10 to -240.

**The Arbitration Provision Did Not Merge into the Deed.**

The Court specifically rejects Plaintiff's argument on the merger doctrine. Plaintiff argues that the Homeowner Contract merged with the deed after closing and, because the deed does not contain an arbitration provision, the parties' obligation to arbitrate was extinguished. The Court disagrees. On its face, the Homeowner Contract contemplates post-closing obligations. The arbitration provision survived closing and remains enforceable so long as it is otherwise valid.

The merger doctrine provides that "'[t]he execution, delivery, and acceptance of a deed varying from the terms of [an] antecedent contract indicates an amendment of the original contract, and generally the rights of the parties are fixed by their expressions as contained in the deed.'" *Shoney's, Inc. v. Cooke*, 291 S.C. 307, 311, 353 S.E.2d 300, 303 (Ct. App. 1987) (quoting *Charleston & W. Carolina Ry. Co. v. Joyce*, 231 S.C. 493, 504, 99 S.E.2d 187, 193 (1957)). In

ELECTRONICALLY FILED - 2025 Apr 28 9:47 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802903

other words, "the written or oral agreement to convey is merged in the deed." *Joyce*, 231 S.C. at 505, 99 S.E.2d at 193 (citation omitted). "'The doctrine . . . is founded upon the privilege, which parties always possess, of changing their contract obligations by further agreements prior to performance.'" *Shoney's, Inc.*, 291 S.C. at 310, 353 S.E.2d at 303 (quoting *Joyce*, 231 S.C. at 504, 99 S.E.2d at 193). Although it seems simple enough, in practice it "is a complex legal doctrine" with multiple exceptions. *Dudek v. Commonwealth Land Title Ins. Co.*, 466 F. Supp. 3d 610, 625 (D.S.C. 2020). Defendant has established that the doctrine is not applicable in this case because the Homeowner Contract creates post-closing obligations.

The Court's ruling today is consistent with the South Carolina Supreme Court's opinion in *New Prospect Area Fire District v. New Prospect Ruritan Club*, where a Ruritan Club deeded land to a fire district under the condition that the district would eventually deed the land back. 311 S.C. 402, 403, 429 S.E.2d 791, 792 (1993). Specifically, under the parties' agreement, the club would deed the lot to the fire district; the fire district could construct a building on the lot, partially paid for by the club; when there was no loan or mortgage on the property, the fire district would return the lot to the club; and the fire district would retain the right to use the building for fire district purposes. *Id.* A dispute arose after the fire district terminated the club's use of the building for the club's monthly meetings. *Id.* at 404, 429 S.E.2d at 792. The trial court concluded that the club did not retain a right of reverter because the agreement, which contained the duty to reconvey the land to the club, merged with the deed, which did not contain such a duty. *Id.* The South Carolina Supreme Court reversed, stating that "[w]here a deed constitutes only part performance of a preceding contract, *other distinct and unperformed provisions of the contract are not merged in the deed*." *Id.* at 405, 429 S.E.2d at 792 (emphasis added). In such situations, "the doctrine of merger does not apply." *Id.*

The same logic controls the resolution of this case.  The Homeowner Contract contains numerous rights and obligations unconnected to the transfer of the land, which remain unperformed and effective post-closing.  (*E.g.*, Homeowner Contract §§ 14 (warranty), 15 (arbitration of future disputes), 18 (post-closing remedies).)  Indeed, the limited warranty Defendant is required to provide does not become effective *until* closing.  (*Id.* § 14(a).)  Moreover, construction defects, particularly latent defects as alleged by Plaintiff, are likely to arise long after closing and transfer of the deed.  *Cf. Dress Co. v. Osburg*, 144 S.W.3d 831, 833 (Ky. Ct. App. 2003) (stating that "it is reasonable to suppose that the parties intended post-closing performance of [an arbitration agreement]" because "disputes, after all, frequently arise after closing").  It would be odd for a provision to cease to exist right when it becomes most relevant.  Therefore, the Court holds that the merger doctrine is not applicable, the arbitration agreement remains in full force and effect after closing, and the arbitration provision must be enforced unless declared invalid on other grounds.

**AND IT IS SO ORDERED.**

_____
The Honorable Judge S. B. Doby
Circuit Court Judge – Third Judicial Circuit

This _____ day of _____, 2025
_____, South Carolina

[SIGNATURE PAGE FOLLOWS]

ELECTRONICALLY FILED - 2025 Apr 28 9:47 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802903

**KENISON, DUDLEY & CRAWFORD, LLC**

s/W. Jacob Henerey
John T. Crawford Jr., SC Bar No.: 69682
Kimila L. Wooten, SC Bar No.: 64516
David L. Paavola, SC Bar No.: 100714
W. Jacob Henerey, SC Bar No.: 102268
Amelia Farmer, SC Bar No.: 105750
KENISON, DUDLEY & CRAWFORD, LLC
325 McBee Ave., Suite 301
Greenville, SC 29601
(864) 242-4899
(864) 242-4844
crawford@conlaw.com
wooten@conlaw.com
paavola@conlaw.com
henerey@conlaw.com
farmer@conlaw.com

*Counsel for D.R. Horton, Inc.*

April 18, 2025
Greenville, South Carolina

ELECTRONICALLY FILED - 2025 Apr 28 9:47 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802903



Berkeley Common Pleas

**Case Caption:**      Donna  Brunetti VS   D.R. Horton, Inc. , defendant, et al

**Case Number:**      2023CP0802903

**Type:**      Order/Stay

So Ordered

S. Bryan Doby, Circuit Court Judge, No. 2784

Electronically signed on 2025-04-27 20:08:18      page 5 of 5

ELECTRONICALLY FILED - 2025 Apr 28 9:47 AM - BERKELEY - COMMON PLEAS - CASE#2023CP0802903