ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548



| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) |
| | ) C.A. No. 2022-CP-08-02548 |
| Andrew Tyler and Justin Vining, individually, and on behalf of all others similarly situated, | ) |
| | ) |
| | ) **ORDER GRANTING DEFENDANT D.R.** |
| | ) **HORTON'S MOTIONS TO COMPEL** |
| | ) **ARBITRATION AND TO STAY CASE** |
| Plaintiff | ) **AND TO STAY DISCOVERY** |
| vs | ) |
| | ) |
| D.R. Horton, Inc; Lowcountry Septic System Solutions, LLC; Coastal Soil and Wetland Services, LLC; Alternative Septic Services, LLC; Mountain Soils, Inc.; Horizon Landscape Management, Inc.; BR's Clearing & Grading, Inc.; Pleasant Places, Inc; L. Dean Weaver Construction Co., Inc.; MV Engineering Consultants, LLC; and John Doe # 1-5, | ) |
| Defendants | ) |
| | ) |

## INTRODUCTION

This matter came before the Court on December 12, 2023, on Defendant, D.R. Horton Inc.'s Motion to Compel Arbitration and Motion to Stay.

## PROCEDURAL HISTORY

On October 21, 2022, Plaintiff Andrew Tyler ("Plaintiff Tyler") brought a class action lawsuit against D.R. Horton on behalf of himself similarly situated homeowners within Seven Lakes Subdivision (collectively the "Class"). On June 15, 2023, Plaintiff Amended his Complaint to include Plaintiff Justin Vining ("Plaintiff Vining") as an additional proposed class representative, in addition to bringing claims against additional Defendants. In the Amended Complaint, Plaintiffs allege the improper installation and design of the septic systems in the class

ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

members' and representatives' yards.  The Complaint contains causes of action for negligence, gross negligence, breach of implied warranties, and unfair trade practices, all of which arise from the alleged defects in the construction of the Property.

On December 12, 2023, this matter came before the Court on Defendant, D.R. Horton Inc.'s Motion to Compel Arbitration and Motion to Stay the Case and Stay Discovery.

## BACKGROUND

Tyler executed the purchase agreement for his home on December 29, 2017. The purchase agreement between D.R. Horton and the Plaintiff Tyler provides for arbitration of any and all matters arising under the Agreement, including damages of the type alleged in the Complaint. The Arbitration Agreement in this case, for both parties, is contained within Paragraph 15 of the Agreement. The Agreement provides the following:

> **15. MANDATORY BINDING ARBITRATION.** PURCHASER AND SELLER SHALL SUBMIT TO BINDING ARBITRATION ANY AND ALL DISPUTES WHICH MAY ARISE BETWEEN THEM REGARDING THIS AGREEMENT AND/OR THE PROPERTY, INCLUDING BUT NOT LIMITED TO ANY DISPUTES REGARDING: (A) SELLER'S CONSTRUCTION AND DELIVERY OF THE HOME; (B) SELLER'S PERFORMANCE UNDER ANY PUNCH LIST OR INSPECTION AGREEMENT; AND (C) THE LIMITED WARRANTY PURSUANT TO SECTION 14 ABOVE. THE ARBITRATION SHALL TAKE PLACE IN THE COUNTY IN WHICH THE PROPERTY IS LOCATED. THE PROCEEDING SHALL BE CONDUCTED PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND TO THE EXTENT POSSIBLE, UNDER RULES WHICH PROVIDE FOR AN EXPEDITED HEARING. THE FILING FEE FOR THE ARBITRATION SHALL BE PAID BY THE PARTY FILING THE ARBITRATION DEMAND, BUT THE ARBITRATOR SHALL HAVE THE RIGHT TO ASSESS OR ALLOCATE THE FILING FEES AND ANY OTHER COSTS OF THE ARBITRATION AS A PART OF THE ARBITRATOR'S FINAL ORDER. THE ARBITRATION SHALL BE BINDING AND FINAL AND EITHER PARTY SHALL HAVE THE RIGHT TO SEEK JUDICIAL ENFORCEMENT OF THE ARBITRATION AWARD. NOTWITHSTANDING ANY OTHER PROVISION HEREIN, ANY DISPUTES ARISING UNDER THE LIMITED WARRANTY SHALL BE MEDIATED, ARBITRATED AND/OR JUDICIALLY RESOLVED PURSUANT TO THE TERMS, CONDITIONS, PROCEDURES AND RULES OF THAT WARRANTY PROGRAM.   NOTWITHSTANDING THE FOREGOING,

ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

SELLER SHALL HAVE THE RIGHT TO INTERPLEAD ALL OR ANY PART OF THE EARNEST MONEY INTO A COURT OF COMPETENT JURSIDICTION AS PROVIDED FOR IN SECTION 4 HEREIN. NOTHWITHSTANDING THE FOREGOING, THE ARBITRATION PROVISIONS OF THIS SUBSECTION (B) SHALL NOT APPLY IN THE EVENT THAT THE DISPUTE RELATES TO A DEFAULT BY THE SELLER UNDER SECTION 16(F) OF THIS AGREEMENT.

## STANDARD OF REVIEW

### A. Doctrine of Merger

The Plaintiff argues that the doctrine of merger applies to merge the arbitration clause from the purchase agreement into the deed making arbitration unenforceable while the Defendant argues that the doctrine of merger does not apply.

The doctrine of merger provides that "[t]he execution, delivery, and acceptance of a deed varying from the term of an antecedent contract indicates an amendment of the original contract, and generally the rights of the parties are fixed by their expressions as contained in the deed." *Charleston & W. Carolina Ry. Co. v. Joyce,* 231 S.C. 493, 504, 99 S.E.2d 187, 193 (1957).

One exception to the doctrine of merger, known as the contrary intent exception, indicates that "agreements that are not intended to be merged in a deed are not merged into the deed." *See Hughes v. Greenville Country Club,* 283 S.C. 448, 450–51, 322 S.E.2d 827, 828 (Ct.App.1984). Moreover, "the party denying merger has the burden of proving by clear and convincing evidence that merger was not intended." *Id.*

In *Carlson v. S.C. State Plastering, LLC*, Plaintiff's, the Carlson's, entered into a purchase agreement with Defendant, Del Webb, where they agreed to purchase a home in Hilton Head, SC. *Carlson v. S.C. State Plastering, LLC*, 404 S.C. 250, 743 S.E.2d 868 (2013). The purchase agreement contained the following arbitration clause:

"Any controversy or claim arising out of or relating to this Agreement or Your purchase of the Property shall be finally settled by arbitration administered by the American Arbitration

Association in accordance with its Arbitration Rules for the Real Estate Industry and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

After Closing, every controversy or claim arising out of or relating to this Agreement, or the breach thereof shall be settled by binding arbitration as provided by the South Carolina Uniform Arbitration Act."

The deed that was subsequently issued did not provide for arbitration. *Id.* The plaintiffs argued that the doctrine of merger precluded arbitration of their claims. *Id.* Specifically, the plaintiffs argued that because the deed, which contained no arbitration clause, superseded the purchase agreement, their claims were not subject to arbitration. *Id.* The Court disagreed. *Id.* The Court found that the parties did not intend for the arbitration clause to be superseded by the subsequently-executed deed. *Id.* The Courts' holding was based on the interpretation of the Purchase Agreement: "Pursuant to the clear and unambiguous terms of the purchase agreement, clear and convincing evidence supports a finding that the parties did not intend for the arbitration clause to be merged into the deed at closing." *Id.*

Similarly, in the case before the Court, the purchase agreement executed by the plaintiff supports the finding that the parties did not intend for the arbitration clause to merge into the deed. The language of the arbitration clause mandates arbitration as to "*any and all* disputes which may arise between them regarding this agreement *and/or* the property, including but not limited to any disputes regarding: (a) seller's *construction* and delivery of the home; (b) seller's performance under any punch list or inspection agreement; and (c) the limited warranty pursuant to section 14 above. Moreover, the Agreement contains references to the construction of the home, not just the purchase of the home. In addition to including choices for construction of the home, the Agreement includes, in Paragraph 16(f), a provision that contemplates what happens in case the home is not complete prior to closing:

ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

If the House is not Complete at the time that the Purchaser signs this Agreement, Seller shall Complete the House within 2 years after the date that the Purchaser signs this Agreement, subject to extensions for circumstances reasonably beyond Seller's control as determined by South Carolina law. For purposes of this subsection (f), "Complete" means that the House is ready for occupancy by Purchaser, has all necessary and customary utilities extended to it, and a certificate of occupancy has been issued. Notwithstanding any provision in this Agreement to the contrary, including but not limited to Section 18(b), nothing herein shall limit Purchaser's remedies if Seller defaults under this subsection (f).

The Agreement also includes choices for how the home will be constructed, a ten-year limited warranty, and all manufacturers' warranties. Accordingly, the terms of the Agreement clearly indicate that the parties did not intend for the arbitration clause to be merged into the deed.

## CONCLUSION

After considering all the evidence in light of the applicable facts and law as cited above, the Court finds that the claims asserted in Plaintiffs' Amended Complaint are subject to mandatory and binding arbitration under the terms of the contracts between the parties, and more specifically, the arbitration clauses therein. D.R. Horton is entitled to a stay and a resolution shall be sought through arbitration.

IT IS HEREBY ORDERED that the above-captioned case is hereby stayed until the completion of arbitration and further order of the Court. Discovery shall be stayed, also, and shall be conducted as ordered by the arbitrator(s).

IT IS SO ORDERED!

_____
Hon. Diane Schafer Goodstein
Circuit Court Judge, Presiding
Berkeley County

March__, 2024
Berkeley, South Carolina

ELECTRONICALLY FILED - 2024 Mar 04 1:29 PM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548



Berkeley Common Pleas

**Case Caption:**     Andrew  Tyler , plaintiff, et al VS   D.R. Horton, Inc , defendant, et al

**Case Number:**     2022CP0802548

**Type:**          Order/Other

It is so Ordered!

s/Diane S. Goodstein

Electronically signed on 2024-03-04 13:11:04     page 6 of 6