EXHIBIT O

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548



| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) | CASE NO.: 2022-CP-08-02548 |
| | ) | |
| Andrew Tyler and Justin Vining, individually, | ) | |
| and on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **SECOND AMENDED SUMMONS** |
| | ) | **(Defective Construction)** |
| D.R. Horton, Inc.; Lowcountry Septic System | ) | **(Class Action)** |
| Solutions, LLC; Coastal Soil and Wetland | ) | **(Jury Trial Demanded)** |
| Services, LLC; Alternative Septic Services, | ) | |
| LLC; Mountain Soils, Inc.; Horizon Landscape | ) | |
| Management, Inc.; BR's Clearing & Grading, | ) | |
| Inc.; Pleasant Places, Inc.; L. Dean Weaver | ) | |
| Construction Co., Inc.; MV Engineering | ) | |
| Consultants, LLC; and John Doe #1-5, | ) | |
| | ) | |
| Defendants. | ) | |

TO:  THE ABOVE-NAMED DEFENDANTS

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint on the subscriber, at the address shown below, within thirty (30) days after service hereof, not including the day of such service, and if you fail to answer the complaint within the time stated above, judgment by default will be rendered against you for the relief demanded in the complaint. In addition, your answer should be filed with the court within five (5) days after service thereof.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted,

BEN TRAYWICK LAW FIRM, LLC

s/Benjamin A.C. Traywick

_____

Benjamin A. C. Traywick (SC Bar No. 74027)
171 Church Street, Suite 340
Charleston, SC 29401
(843) 872-1709
ben@bentraywicklaw.com

and

JUSTIN O'TOOLE LUCEY, P.A.

s/Justin Lucey

_____

Justin Lucey (SC Bar No. 15438)
Dabny Lynn (SC Bar No. 78703)
Charlotte B. Winckler (SC Bar No. 105887)
Alexandra S. O'Neill (SC Bar No. 102862)
415 Mill Street (29464)
Post Office Box 806
Mount Pleasant, SC 29465-0806
(843) 849-8400
jlucey@lucey-law.com
dlynn@lucey-law.com
cwinckler@lucey-law.com
aoneill@lucey-law.com

January 23, 2024
Charleston, South Carolina          *Attorneys for Plaintiffs*

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

2

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF BERKELEY | ) CASE NO.: 2022-CP-08-02548 |
| | ) |
| Andrew Tyler and Justin Vining, individually, | ) |
| and on behalf of all others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) **SECOND AMENDED** |
| | ) **COMPLAINT** |
| v. | ) **(Defective Construction)** |
| | ) **(Class Action)** |
| D.R. Horton, Inc.; Lowcountry Septic System | ) **(Jury Trial Demanded)** |
| Solutions, LLC; Coastal Soil and Wetland | ) |
| Services, LLC; Alternative Septic Services, | ) |
| LLC; Mountain Soils, Inc.; Horizon Landscape | ) |
| Management, Inc.; BR's Clearing & Grading, | ) |
| Inc.; Pleasant Places, Inc.; L. Dean Weaver | ) |
| Construction Co., Inc.; MV Engineering | ) |
| Consultants, LLC; and John Doe #1-5, | ) |
| | ) |
| Defendants. | ) |

Plaintiffs, Andrew Tyler and Justin Vining, individually, and on behalf of all others similarly situated, complaining of the above-named Defendants, would respectfully allege and show the Court as follows:

## PARTIES AND JURISDICTIONAL STATEMENT

1.     Plaintiffs file this Amended Complaint pursuant to pursuant to Rule 15 of the South Carolina Rules of Civil Procedure which allows Plaintiffs to freely amend their complaint one time as a matter of right.

2.     The Bridges at Seven Lakes subdivision ("Seven Lakes") is a neighborhood of approximately 150 single-family homes located off State Highway 41 in Berkeley County, South Carolina.

3.     Plaintiff Andrew Tyler ("Plaintiff Tyler") is a citizen and resident of Berkeley County, South Carolina.

3

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

4.      Plaintiff Tyler owns a home within Seven Lakes that is located at 247 Camber Road, Huger, South Carolina.

5.      Plaintiff Tyler purchased his home on or about September 20, 2018.

6.      Plaintiff Justin Vining ("Plaintiff Vining") is a citizen and resident of Berkeley County, South Carolina.

7.      Plaintiff Vining owns a home within Seven Lakes that is located at 109 Box Girder Road, Huger, South Carolina.

8.      Plaintiff Vining purchased his home from the prior homeowner on or about December 28, 2021.

9.      Plaintiffs Tyler and Vining ("Plaintiffs") bring this action on behalf of themselves and a proposed Class and subclasses of other similarly situated Seven Lakes homeowners (collectively "Plaintiffs and the Classes").

***Developer Defendant***

10.      Defendant D.R. Horton, Inc. ("D.R. Horton") is a corporation organized under the laws of the State of Delaware. At all times relevant to this action, D.R. Horton conducted business in Berkeley County, South Carolina.

11.      D.R. Horton is the developer, builder, and seller of the Plaintiffs' and Classes' homes and properties in Seven Lakes ("the Residences"). At all times relevant to this action, D.R. Horton coordinated, performed, directed, managed, controlled, supervised and/or otherwise participated in the design, development, marketing, construction, sale, and repair of the Residences.

12.      Upon information and belief, D.R. Horton developed the Residences, marketed the Residences to the public, placed the Residences into the stream of commerce, sold the

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

Residences, and/or repaired.

*Subcontractor Defendants*

13.     Defendant Alternative Septic Services, LLC ("Alternative") is a limited liability company organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Alternative was a subcontractor of D.R. Horton who supplied materials, provided labor, installed septic systems, and/or performed other work at the Residences.

14.     Defendant BR's Clearing & Grading, Inc. ("BR") is a corporation organized and existing under the laws of the State of South Carolina. At all times relevant to this action, BR was a subcontractor of D.R. Horton who supplied materials, provided labor and clearing, filling, and padding services, installed driveway pipe, and/or performed other work at the Residences.

15.     Defendant Coastal Soil and Wetland Services, LLC ("Coastal") is a limited lability company organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Coastal was a subcontractor of D.R. Horton who supplied materials, provided labor and soil classification services, and/or performed other work at the Residences.

16.     Defendant Horizon Landscape Management, Inc. ("Horizon") is a corporation organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Horizon was a subcontractor of D.R. Horton who supplied materials, provided labor and grading services, installed landscaping and irrigation, and/or performed other work at the Residences.

17.     Defendant Lowcountry Septic System Solutions, LLC ("Lowcountry") is a limited liability company organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Lowcountry was a subcontractor of D.R. Horton who supplied materials, provided labor, installed septic systems, and/or performed other work at the Residences.

5

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

18.     Defendant L. Dean Weaver Construction Co. Inc. ("L. Dean") is a corporation organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Lowcountry was a subcontractor of D.R. Horton who supplied materials, provided labor and site development services, and/or performed other work at the Residences.

19.     Defendant Mountain Soils Inc. ("Mountain Soils") is a corporation organized and existing under the laws of the State of North Carolina. At all times relevant to this action, Mountain Soils was a subcontractor of D.R. Horton who supplied materials, provided labor and soil classification services, and/or performed other work at the Residences.

20.     Defendant MV Engineering Consultants, LLC ("MV") is a limited liability company organized and existing under the laws of the State of South Carolina. At all times relevant to this action, MV was a subcontractor of D.R. Horton who supplied materials, provided labor and septic-related services, and/or performed other work at the Residences.

21.     Defendant Pleasant Places Inc. ("Pleasant Places") is a corporation organized and existing under the laws of the State of South Carolina. At all times relevant to this action, Pleasant Places was a subcontractor of D.R. Horton who supplied materials, provided labor, installed landscaping, and/or performed other work at the Residences.

22.     The Affidavit of Charles R. Dutill, II is attached hereto in support of the claims against Mountain Soils and MV.

*John Doe Defendants*

23.     Defendants John Doe #1-5 ("John Doe Defendants") are persons or entities who participated in the design, development, marketing, construction, repair, and/or sale of the Residences as contractors, subcontractors, manufacturers, material suppliers, consultants, architects, engineers, real estate agents, managers, marketers, laborers, or otherwise.

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

24.     The address and identity of the John Doe Defendants are unknown at this time.

25.     All at times relevant hereto, John Doe Defendants were conducting business in Berkeley County, South Carolina.

26.     This Honorable Court has jurisdiction over all parties hereto and over all subject matter alleged herein.

27.     Venue is proper in Berkeley County as the most substantial part of Plaintiffs and the Classes' alleged injuries and Defendants' alleged acts or omissions took place in Berkeley County.

28.     Plaintiffs are informed and believe that more than two-thirds (2/3) of the Classes are citizens of Berkeley County, South Carolina.

29.     Plaintiffs are informed and believe that all or nearly all members of the Classes are citizens of South Carolina.

## FACTUAL ALLEGATIONS

30.     This matter arises out of the design, development, construction, sale and/or repair of the Residences' septic, surface, and storm water management systems and components (hereinafter collectively "Drainage"). The Drainage in the Residences are all in the process of failing. The Residences with the more advanced failure have effluent (fluids and gasses) percolating from the ground, rendering the properties partially unfit for habitation. Defendants' attempted fixes have failed, as the properties were unsuitable for septic tanks *ab initio*. Poor stormwater drainage is exacerbating this problem and compromising the use of the land and facilitating the erosion of the land.

31.     At the time these houses were placed in the stream of commerce, the Residences contained latent and undisclosed Drainage defects. The latent and undisclosed defects, in

combination with fortuitous weather, repeated water inundation, and/or other events, have resulted in consequential damage to non-defective portions of the Residences and other property.

32. Defendants should have known of the existence of the latent defects for many reasons, including its post-construction repair efforts.

33. Plaintiffs and members of the Classes have previously put Defendants on notice of one or more of the deficiencies. However, Defendants have not rectified the problems and their various and sundry repair attempts have been inadequate, are failing, or have failed.

34. A preliminary inspection of Seven Lakes evidences Drainage failure, including insufficient drainage; failures in the septic tanks, septic drain fields, and stormwater management features; and flooding; with resulting consequential damage to non-defective building components and other property.

35. Defendants had a duty to design, develop, and construct the Residences' Drainage in a workmanlike manner with suitable materials, free from all defects, and in accordance with the applicable building code, permitted building plans, good workmanship, applicable state and federal regulations, and construction industry and engineering standards.

36. Plaintiffs are informed and believe that the Drainage at Seven Lakes are not in compliance with applicable building codes, proper workmanship, applicable state and federal regulations, and industry standards, and that they must be corrected or replaced.

37. Defendants' acts and omissions have resulted in these deficiencies, consequential damages, and partial loss of use and enjoyment.

38. The aforementioned deficiencies and resulting damages show that Defendants breached their duties to Plaintiffs and the Classes.

39. Remedying the above wrongs will result in additional consequential damage and

8

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

loss of use.

40.     As a direct and proximate result of Defendants' violation of their legal duties, Plaintiffs and the Classes have been proximately damaged in an amount to be determined by the trier of fact and have had to incur reasonable attorneys' fees and costs for the retention of experts to determine the damage and scope of work for repair.

41.     Upon information and belief, the resulting damage from the failed Drainage commenced after the Residences were placed in use and remained latent until later manifestation.

## CLASS ACTION ALLEGATIONS

42.     Pursuant to the common law of South Carolina and Rule 23 of the South Carolina Rules of Civil Procedure ("SCRCP"), Plaintiffs bring this action, both individually, and on behalf of a Class of similarly situated claimants. The Class is more particularly defined as follows:

> All persons and entities that are owners of a septic system on property developed by D.R. Horton within the Bridges at Seven Lakes subdivision, off South Carolina Highway 41, in the unincorporated community of Huger, in Berkeley County, South Carolina. This class consists of a subclass of "original" owners who purchased their residences from D.R. Horton, and a subclass of "downstream" owners who purchased their residences from prior homeowners.

> Excluded from the Classes are: (a) any Judge presiding over this action and members of their families; (b) D.R. Horton and any entity in which it has a controlling interest, and their legal representatives, assigns and successors, and D.R. Horton's current or former employees, investors, members, or officers; (c) the owner of any Seven Lakes residence not developed by D.R. Horton; any former Seven Lakes homeowner; (d) any current Seven Lakes homeowner that has previously sued upon or released the Drainage claims set forth herein; and, (e) all persons who properly execute and file a timely request for exclusion from

9

the Class.

It is proposed that Tyler represent the Original Owner subclass; and that Vining represent the Downstream Subclass.

43.     *Numerosity*: The Class consists of more than one hundred persons, the joinder of whom in one action is impractical.

44.     *Commonality*: Questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual issues include the following:

   a.     Whether Defendants negligently designed, constructed and/or repaired the Drainage;

   b.     Whether Defendants breached their express and implied warranties in connection with the Drainage;

   c.     Whether Defendants knew or should have known of the latent defects;

   d.     Whether Defendants failed to disclose defects and/or unsuccessful repairs;

   e.     Whether Defendants have acted or refused to act on grounds generally applicable to the Class; and,

   f.     Whether Defendants' conduct was reckless, willful, wanton, or the like, entitling Plaintiffs and the Classes to punitive damages.

45.     *Typicality*: Plaintiffs claims are typical of the claims of the Classes, as all such claims arise out of Defendants' wrongful conduct in developing, building, repairing, and/or selling the Residences and Plaintiffs and Classes' ownership of these Residences that contain latent Drainage defects.

46.     *Adequate Representation*: Plaintiffs will fairly and adequately protect the interests of the Classes and have no interests antagonistic to those of the Classes. Plaintiffs have retained counsel experienced in the prosecution of construction defect claims and complex litigation involving product liability and product design defects.

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

47. *Predominance and Superiority*: This class action is appropriate for certification because questions of law and fact common to the Classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impracticable. Should individual Class members be required to bring separate actions, this Court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case- by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale, and comprehensive supervision by a single Court.

48. Defendants have acted on grounds generally applicable to the Classes. Class certification is appropriate under South Carolina law because Defendants engaged in a uniform and common practice. All Class members have the same legal right to and interest in redress for damages associated with the defective Drainage and wastewater conditions existing at their Residences.

49. Plaintiffs and the Classes envision no unusual difficulty in the management of this action as a class action.

50. Each Class member has an interest of more than $100.00.

51. The amount of money at stake for each Class member is not sufficient for each member to hire their own counsel and engineers and bring their own action.

## ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

52. Defendants are estopped from relying on any statutes of limitations or repose by

11

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

virtue of their acts. Upon information and belief, Defendants should have known the Drainage was defectively constructed and failed to alert Plaintiffs and the Classes of these defective conditions.

53.     Defendants had a duty to inform Plaintiffs and the Classes of the Drainage defects described herein, which they should have known. Notwithstanding its duty, Defendants never disclosed the defects to Plaintiffs or the Classes.

54.     Despite exercising reasonable diligence, Plaintiffs and the Classes could not have discovered the defective condition.

55.     Given Defendants' failure to disclose this non-public information about the defective nature of the Drainage – information over which they had exclusive control – and because Plaintiffs and the Classes could not reasonably have known of the defective nature of the drainage, Defendants are estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

56.     Defendants are further estopped from relying upon any statute of limitations as they have repeatedly represented to Plaintiffs and the Classes that they had corrected or were correcting the work.

57.     The equitable tolling doctrine further precludes Defendants from relying on a statute of limitations defense.

**ESTOPPEL FROM ASSERTING THE ARBITRATION PROVISIONS, DISCLAIMERS, AND LIMITATIONS ON REMEDIES AND PROCEDURES CONTAINED IN D.R. HORTON'S DOCUMENTS**

58.     D.R. Horton is also estopped/barred from asserting the Arbitration Provisions, Disclaimers, and limitations on remedies and procedures contained in D.R. Horton's documents (e.g., sales contracts, covenants, and written warranties) because these provisions are

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

unconscionable, violate public policy, are one sided, and did not survive closing and/or merged with Plaintiffs' and the Classes' deeds.

59.    D.R. Horton's documents contain the same or similar provisions that the South Carolina Supreme Court has already deemed are "clearly one sided and oppressive".  *Smith v. D.R. Horton*, 417 S.C. 42, 50, 790 S.E.2d 1, 5 (2016).

60.    D.R. Horton's documents attempt to disclaim implied warranty claims and prohibit any monetary recovery.

61.    These documents also contain one-sided terms in D.R. Horton's favor and are all contracts of adhesion.

62.    Any such provisions purporting to waive all implied warranties and all relief for new homeowners are void pursuant to public policy and South Carolina law.

63.    Further, these provisions are intertwined with the arbitration provision such that no provisions are severable from each other. *Smith*, 417 S.C. at 50, 790 S.E.2d at 4; ("We conclude the arbitration clause…should not be severed by the numerous unconscionable provisions and particularly Horton's attempt to waive any seller liability for 'monetary damages of any kind'"); *see also Damico v. Lennar Carolinas, LLC,* 437 S.C. 596, 624, 879 S.E.2d 746, 762 (2022), *cert denied,* , No 28-114 (June 5, 2023) ("Seller furnished a grossly one-sided contract and arbitration provisions, hoping a court would recue the one-sided contract though a severability clause. We refuse to reward such misconduct, particularly in a home construction setting."

64.    As a result, D.R. Horton cannot rely on its warranty disclaimers, and cannot compel Plaintiffs or the Classes into arbitration, based on D.R. Horton's oppressive and non-servable terms that also violate public policy.

65.    Additionally, D.R. Horton is estopped/barred from asserting the Arbitration

13

Provisions and Warranty Limitations contained in its express warranties because Plaintiffs and the Classes do not allege a breach of express warranty claim and these provisions are conflicting.

66.     D.R. Horton is further estopped/barred from relying on Warranty Limitations contained in its documents by virtue of its conduct and such warranties' failure to serve their essential purpose.

67.     By virtue of D.R. Horton's acts, the drainage work performed at the Residences has not lived up to D.R. Horton's warranties. Given its defective condition, the drainage has not proven to be of reasonable or acceptable quality.

68.     D.R. Horton, in the exercise of required diligence, which failed to occur, should have known that the drainage was defective, uninhabitable, unfit, and unmerchantable.

69.     D.R. Horton's warranties are woefully inadequate to repair and replace the Drainage defects, let alone to reimburse for any damage suffered to the Residences' yards and other property. The remedies available in D.R. Horton's warranties are limited to such an extent that they do not provide a minimum adequate remedy and fail in their essential purpose.

70.     As such, D.R. Horton is precluded from relying on the Arbitration Provisions and Warranty Limitations contained in its express warranties or the like as a defense to the claims asserted herein.

### FOR A FIRST CAUSE OF ACTION
**(Negligence and Gross Negligence)**

71.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

72.     Defendants, either on their own or through their agents, servants, and employees undertook and owed duties to Plaintiffs in connection with the Drainage.

73.     Defendants had a duty to perform their Drainage work at the Residences in accordance with applicable codes, approved plans and specifications, state and federal

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

regulations, industry standards, and in a careful, diligent, and workmanlike manner, free from defects.

74.    Defendants also had a duty to provide accurate information about the Drainage and to disclose defective conditions.

75.    Defendants breached their duties to Plaintiffs in a manner that was negligent, grossly negligent, careless, reckless, willful, and wanton in the following particulars:

a.    In failing to use due care in designing, developing, and constructing the Drainage;

b.    In failing to provide adequate Drainage;

c.    In failing to develop and/or construct the Drainage in accordance with applicable building codes, state and federal regulations, standard building practices, and accepted construction and design industry standards and practices;

d.    In failing to properly supervise the Drainage work;

e.    In failing to properly coordinate the subcontractors and trades;

f.    In failing to act as a reasonable person would in the circumstances then and there prevailing;

g.    In failing to provide accurate information about the Drainage;

h.    In failing to make proper repairs; and,

i.    Other deficiencies or failures as will be proven at trial.

76.    Plaintiffs and the Classes have been damaged as a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness of Defendants.

77.    The violation of applicable building codes constitutes negligence *per se* and may constitute evidence of gross negligence.

78.    If it is shown that said failures were committed with gross negligence and/or

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

reckless disregard for the rights of others, Plaintiffs are entitled to an award of punitive damages against some or all of the Defendants.

79.     As a result of Defendants' negligence and/or gross negligence, Plaintiffs are entitled to a judgment against Defendants for all actual, direct, indirect, resulting, consequential, and punitive damages in an amount to be determined at the trial of this case.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Implied Warranties)

80.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

81.     Defendants implicitly warranted that the Drainage would be developed in a careful, diligent, and workmanlike manner, with suitable materials and components that complied with applicable building codes, industry standards, and industry practice.

82.     Defendants implicitly warranted that the Drainage would be merchantable, free from latent defects, and fit for the particular purpose.

83.     D.R. Horton impliedly warranted that the Residences would be habitable.

84.     Defendants breached their implied warranties by developing the Residences' Drainage in a defective manner as set forth above.

85.     As a direct and proximate result of Defendants' breach of their implied warranties, Plaintiffs have been damaged and are entitled to a judgment against Defendants for all actual, direct, indirect, resulting, and consequential damages in an amount to be proven at trial.

## FOR A THIRD CAUSE OF ACTION
### (Unfair Trade Practices by Tyler and Vining Individually)

86.     Plaintiffs repeat and re-allege the above paragraphs as if fully set forth verbatim.

87.     Defendants are "persons" within the meaning of the South Carolina Unfair Trade Practices Act (the "Act").

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548

88.     Defendants developed and sold the Residences and septic systems and, therefore, engaged in commerce as defined by the Act.

89.     Defendants' above-described actions, including placing Residences with defective Drainage into the stream of commerce; failing to oversee and control the workmanship and quality of the Residences' Drainage; failing to properly repair defective conditions; failing to comply with the building codes, industry standards, and industry practice; attempting to disclaim and eviscerate any and all relief to the owners; and, other acts to be shown through the course of discovery and at trial, constitute unfair and deceptive practices within the meaning of the Act.

90.     Defendants knew or should have known that its conduct was in violation of the Act.

91.     Defendants' conduct is capable of repetition and, upon information and belief and in accord with the allegations herein, has been repeated in the other neighborhoods developed by Defendants.

92.     Defendants' conduct adversely affects the public interest as well as many South Carolina citizens.

93.     As a direct, foreseeable, and proximate result of Defendants' unfair and deceptive practices, Tyler and Vining have been damaged and are entitled to a judgment against Defendants in amount to be proven at trial.

WHEREFORE, Plaintiffs and the Classes' members demand a trial by jury and pray for actual and consequential damages expected to exceed fifteen million dollars, statutory and punitive damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and granting of such further relief as the Court deems just and proper. Additionally, as the drainage recovery will result in a Common Fund, Plaintiff prays for an award of attorney fees.

[SIGNATURE ON NEXT PAGE]

17

Respectfully submitted,

BEN TRAYWICK LAW FIRM, LLC

s/Benjamin A.C. Traywick

_____

Benjamin A. C. Traywick (SC Bar No. 74027)
171 Church Street, Suite 340
Charleston, SC 29401
(843) 872-1709
ben@bentraywicklaw.com

and

JUSTIN O'TOOLE LUCEY, P.A.

s/Justin Lucey

_____

Justin Lucey (SC Bar No. 15438)
Dabny Lynn (SC Bar No. 78703)
Charlotte B. Winckler (SC Bar No. 105887)
Alexandra S. O'Neill (SC Bar No. 102862)
415 Mill Street (29464)
Post Office Box 806
Mount Pleasant, SC 29465-0806
(843) 849-8400
jlucey@lucey-law.com
dlynn@lucey-law.com
cwinckler@lucey-law.com
aoneill@lucey-law.com

January 23, 2024
Charleston, South Carolina          *Attorneys for Plaintiffs*

ELECTRONICALLY FILED - 2024 Jan 29 8:33 AM - BERKELEY - COMMON PLEAS - CASE#2022CP0802548