UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| DEREK WILLIAMS, COREY SMITH, WILLIAM WYATT, AND HEATHER IWINSKI, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> D.R. HORTON, INC., ALPHA & OMEGA CONSTRUCTION, LLC, CANNADY SIDING & GUTTER, INC., L&M ELECTRIC, INC., LONG HEATING & AIR CONDITIONING, INC., AND M&L REYNA CONSTRUCTION, LLC, <br><br> Defendants. <br><hr> D.R. HORTON, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> MARK III PROPERTIES, LLC; P&L ENTERPRISES, LLC; DAMIAN MAGOS MENDOZA; GENERAL SHALE BRICK, INC.; MERIDIAN BRICK, LLC; RITE RUG, CO.; BUILDERS FIRST SOURCE - SOUTHEAST GROUP, LLC; BRAND VAUGHAN LUMBER, CO.; VALMEN SOLUTIONS, LLC; BRAVO CARPENTERS, INC.; CJ FRAMING, LLC; GET FLOORED, LLC; LANSING BUILDING PRODUCTS, LLC; AMERICAN CONCRETE & PRECAST, LLC; FIVE STAR FOUNDATIONS, LLC; ONE TREE HILL, INC. D/B/A WILLIS LANDSCAPING; THE LOVING GROUP, LLC; ALL IN ONE INSULATION, LLC; MARLOWE ENVIRONMENTAL, LLC; KINGS LANDSCAPING, LLC; | Civil Action No. 8:26-CV-00097-DCC <br><br><br><br><br><br><br><br><br><br> **ANSWER OF RITE RUG CO. TO D.R. HORTON, INC.'S THIRD-PARTY COMPLAINT AND FOURTH-PARTY COMPLAINT** <br> **(Jury Trial Demanded)** |

1

EARTHWORKS UNLIMITED, INC.; CSI )
EROSION, INC.; CSI EROSION SC, INC.; )
SUPERIOR GRADING, LLC; CEDAR )
RIDGE LANDSCAPING, LLC; DUPREE )
PLUMBING CO., INC.; AZ, INC; )
INSTALLED BUILDING PRODUCTS, )
LLC D/B/A CUSTOM GLASS )
ATLANTA; SALDANA BROTHERS, )
INC.; 84 LUMBER COMPANY; CARTER )
LUMBER COMPANY; JUSTIN )
VILLINES, LLC; GBS BUILDING )
SUPPLY US LBM, LLC; GARCIA )
PAINTING & DRYWALL, LLC; UTM )
ENTERPRISES, INC.; MCGILLICUDDY )
CONCRETE, LLC; BIANCHI & )
COMPANY, INC., )
)
)
   Third-Party Defendants. )
)
_____ )
)
RITE RUG CO., )
)
)
   Fourth-Party Plaintiff, )
)
  vs. )
DIAS FLOORING, LLC, D&S FLOORS, )
LLC, CRUZ FLOORING, LLC, )
DORANTES BROS, LLC, JOSE D RUIZ )
VENTURA D/B/A VENTURA )
FLOORING, and VICTOR M. JUAREZ )
DE JESUS D/B/A JUAREZ'S )
CONSTRUCTION, )
)
   Fourth-Party Defendants. )
)

   Third-Party Defendant Rite Rug Co. ("Third-Party Defendant"), hereby answers D.R. Horton, Inc.'s ("DR Horton") Answer, Cross-Claims and Third-Party Complaint filed on January 16, 2026 ("Complaint") and respectfully asserts the following:

## **FOR A FIRST DEFENSE**

1.   Each and every allegation of the Complaint not specifically admitted is denied.

**FOR A SECOND DEFENSE**

2.     Paragraphs 1 through 59 constitute DR Horton's answer and affirmative defenses to Plaintiffs' Complaint, and therefore do not require a response from Third-Party Defendant.  To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

3.     In response to the allegations in Paragraph 60, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

4.     Third-Party Defendant admits the allegations in Paragraph 61, upon information and belief.

5.     Third-Party Defendant lacks sufficient information or knowledge to form an opinion or belief as to the allegations in Paragraphs 62 through 67 of the Complaint, and therefore denies the same and demands strict proof thereof.

6.     In response to the allegations in Paragraphs 68 through 70, Third-Party Defendant states that it entered into a subcontract agreement with DR Horton in or about March 2018 to perform a limited scope of work on the Project, to include the installation of flooring, the terms and conditions of which speak for themselves.  To the extent inconsistent with the terms and conditions of the subcontract agreement, the allegations in Paragraphs 68 through 70 are denied.

7.     The allegations in Paragraphs 71 through 72 directed towards this Third-Party Defendant state legal conclusions, therefore a response is not required.  To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

8.     The allegations in Paragraph 73 are not directed towards this Third-Party Defendant, and therefore do not require a response.  To the extent a response is required, Third-Party Defendant states that the allegations in Plaintiffs' filed pleadings against DR Horton speak

3

for themselves.  Additionally, this Third-Party Defendant denies any allegations with respect to its work being defective.  To the extent inconsistent herewith, the allegations in Paragraph 73 are denied as to this Third-Party Defendant.

9.      Third-Party Defendant denies the allegations in Paragraph 74.

10.     The allegations in Paragraphs 75 through 76 directed towards this Third-Party Defendant state legal conclusions, therefore a response is not required.  To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

11.     Third-Party Defendant denies the allegations in Paragraph 77.

12.     In response to the allegations in Paragraph 78, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

13.     The allegations in Paragraph 79 are denied as to this Third-Party Defendant.

14.     Third-Party Defendant lacks sufficient information or knowledge to form an opinion or belief as to the allegations in Paragraph 80 of the Complaint, and therefore denies the same and demands strict proof thereof.

15.     In response to the allegations in Paragraph 81, Third-Party Defendant states that it entered into a subcontract agreement with DR Horton in or about March 2018 to perform a limited scope of work on the Project, to include the installation of flooring, the terms and conditions of which speak for themselves.  To the extent inconsistent with the terms and conditions of the subcontract agreement, the allegations in Paragraph 81 are denied.

16.     Third-Party Defendant denies the allegations in Paragraphs 82 through 84 directed towards this Third-Party Defendant.

17. The allegations in Paragraph 85 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

18. Third-Party Defendant denies the allegations in Paragraph 86 directed towards this Third-Party Defendant.

19. In response to the allegations in Paragraph 87, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

20. Third-Party Defendant denies the allegations in Paragraph 88 directed towards this Third-Party Defendant.

21. The allegations in Paragraph 89 are not directed towards this Third-Party Defendant and therefore do not require a response. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

22. The allegations in Paragraph 90 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

23. Third-Party Defendant denies the allegations in Paragraphs 91 through 93 directed towards this Third-Party Defendant.

24. In response to the allegations in Paragraph 94, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

25. The allegations in Paragraph 95 are not directed towards this Third-Party Defendant and therefore do not require a response. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

26. The allegations in Paragraph 96 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

27. Third-Party Defendant denies the allegations in Paragraphs 97 through 98 directed towards this Third-Party Defendant.

28. In response to the allegations in Paragraph 99, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

29. The allegations in Paragraph 100 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

30. Third-Party Defendant denies the allegations in Paragraphs 101 through 102 directed towards this Third-Party Defendant.

31. In response to the allegations in Paragraph 103, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

32. The allegations in Paragraph 104 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required. To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

33. Third-Party Defendant denies the allegations in Paragraphs 105 through 106 directed towards this Third-Party Defendant.

34. In response to the allegations in Paragraph 107, Third-Party Defendant realleges and reincorporates all prior responses set forth herein.

35.     The allegations in Paragraph 108 directed towards this Third-Party Defendant state a legal conclusion, therefore a response is not required.  To the extent a response is required, Third-Party Defendant denies the same and demands strict proof thereof.

36.     Third-Party Defendant denies the allegations in Paragraphs 109 through 110 directed towards this Third-Party Defendant.

## FOR A THIRD DEFENSE

37.     Third-Party Defendant would respectfully show each and every cause of action set forth in the Complaint fails to state a claim upon which relief can be granted and, therefore, the Complaint should be dismissed.

## FOR A FOURTH DEFENSE

38.     Third-Party Defendant pleads the law and doctrine of comparative negligence and alleges the negligence and recklessness of DR Horton was greater than the negligence, if any, which might be established against Third-Party Defendant and, therefore, DR Horton is barred from any recovery in this action.  Third-Party Defendant further alleges any injury and damage sustained by DR Horton was due to and caused by the negligence and/or willfulness of DR Horton combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of Third-Party Defendant and, therefore, any amount of recovery awarded to Plaintiffs for the injuries and damages alleged in the Complaint shall be reduced by the Court by the percentage of negligence and/or willfulness attributed to DR Horton.

## FOR A FIFTH DEFENSE

39.     If Third-Party Defendant violated any alleged warranty, both the existence of which and violation of which are hereby denied, those claims alleging breach of warranty are barred due to various exclusions, disclaimers and modifications of the alleged warranties.

## FOR A SIXTH DEFENSE

40.     DR Horton's claims are, upon information and belief, barred as it has failed to make a claim against Third-Party Defendant within the applicable warranty period.

## FOR A SEVENTH DEFENSE

41.     DR Horton has failed to mitigate its damages and have incurred damages that were unnecessary or unreasonable in amount.  DR Horton is, therefore, barred in whole or part from recovery in this case.

## FOR AN EIGHTH DEFENSE

42.     The Third-Party Defendant would show any claim for punitive damages cannot be had because any award of punitive damages would violate the Third-Party Defendant 's equal protection and due process rights as guaranteed by the United States and South Carolina Constitutions.

## FOR A NINTH DEFENSE

43.     Third-Party Defendant asserts the doctrine of payment, release or the doctrine of acceptance of work as a complete and partial bar to DR Horton's Complaint.

## FOR A TENTH DEFENSE

44.     Third-Party Defendant asserts the negligence of others not in the employ or control of Third-Party Defendant as a complete or partial bar to DR Horton's Complaint.

## FOR AN ELEVENTH DEFENSE

45.     To the extent Third-Party Defendant may be liable to DR Horton, which liability is denied, Third-Party Defendant would show that to the extent that the subject property(ies) have either been destroyed or modified, Third-Party Defendant pleads the doctrine of spoliation of evidence as a complete or partial bar to DR Horton Complaint.

## FOR A TWELFTH DEFENSE

46.    Third-Party Defendant asserts the doctrine of Laches as a complete or partial bar to DR Horton's Complaint.

## FOR A THIRTEENTH DEFENSE

47.    Third-Party Defendant asserts the defenses of waiver and estoppel as a complete or partial bar to DR Horton's Complaint.

## FOR A FOURTEENTH DEFENSE

48.    Third-Party Defendant asserts the doctrine of unclean hands as a complete or partial bar to DR Horton's Complaint.

## FOR A FIFTEENTH DEFENSE

49.    Third-Party Defendant asserts the economic loss doctrine as a complete or partial bar to DR Horton's Complaint.

## FOR A SIXTEENTH DEFENSE

50.    Third-Party Defendant alleges that DR Horton's Complaint is barred in whole or in part by a breach of the implied warranty of plans and specifications.

## FOR A SEVENTEENTH DEFENSE

51.    Third-Party Defendant would assert that it complied with all plans, directives, and specifications regarding the work it was to perform.  It would deny responsibility or liability for any work which it performed which complied with any such plans, directives or specifications if the latter proved to be inadequate, incorrect or defective.

## FOR AN EIGHTEENTH DEFENSE

52.    Pursuant to § 15-38-15 of the South Carolina Code, in an action to recover damages for property damages or economic loss resulting from negligence, when more than one

9

party is determined to be at fault, joint and several liability does not apply to a party whose conduct is determined to be less than 50% of the total fault for any indivisible damages sustained. Instead, such party will be liable for its percentage of fault.

53.    Third-Party Defendant would assert that if it were determined to be at fault in any respect, its fault should be limited to damages which are applicable only to its work and to its percentage of fault for an indivisible damage arising from that work.

## FOR A NINETEENTH DEFENSE

54.    Third-Party Defendant 's work met all applicable federal requirements, applicable state requirements, applicable construction requirements, and any and all other applicable building codes, and requirements in the industry, therefore DR Horton's Complaint should be dismissed.

## FOR A TWENTIETH DEFENSE

55.    Third-Party Defendant alleges that DR Horton's claims are barred because Third-Party Defendant has done all that it agreed to do under any applicable contract.

## FOR A TWENTY-FIRST DEFENSE

56.    Third-Party Defendant would allege at all times, that it acted in good faith and in accordance with the reasonable commercial standards applicable to its business and as such constitutes a complete defense to DR Horton's Complaint.

## FOR A TWENTY-SECOND DEFENSE

57.    Third-Party Defendant is informed and believes that DR Horton, by its own actions or inactions, and those of its representatives, with regard to the work performed on the Project, assumed the risk of and accepted all portions of any alleged damages alleged in their

Complaint, and such assumption of risk and acceptance is a bar to DR Horton's claims against Third-Party Defendant.

## FOR A TWENTY-THIRD DEFENSE

58.     Third-Party Defendant would show that any award of punitive damages is subject to the limitations set forth in South Carolina Code § 15-32-530.

## FOR A TWENTY-FOURTH DEFENSE

59.     Third-Party Defendant asserts the affirmative defense of set-off to DR Horton Complaint.

## FOR A TWENTY-FIFTH DEFENSE

60.     Third-Party Defendant asserts S.C. Code Ann. § 32-2-10 as a complete or partial bar to DR Horton's Complaint.

## FOR A TWENTY-SIXTH DEFENSE

61.     To the extent that the written agreement between Third-Party Defendant and DR Horton is invalid or unenforceable, DR Horton's claims against Third-Party Defendant for breach of contract, contractual indemnity, negligence/gross negligence, and breach of express and implied warranties fail as a matter of law as they are nothing more than disguised claims for equitable indemnity under the law of South Carolina, and should be dismissed.

## FOR A TWENTY-SEVENTH DEFENSE

62.     Third-Party Defendant asserts the lack of proximate cause of any alleged defects with its work (which are expressly denied), as a complete or partial bar to DR Horton's claims.

## FOR A TWENTY-EIGHTH DEFENSE

63.     Third-Party Defendant asserts the statute of limitations and statute of repose as a complete or partial bar to DR Horton's claims.

11

## FOR A TWENTY-NINTH DEFENSE

64.     Third-Party Defendant preserves and reserves the right to rely on and assert any and all other applicable defenses either in contract or under the law as may be asserted by any other Defendant in this action or that may become evidence through its investigation and discovery.

## FOR A THIRTIETH DEFENSE AND BY WAY OF FOURTH-PARTY CLAIMS AGAINST DIAS FLOORING, LLC, D&S FLOORS, LLC, CRUZ FLOORING, LLC, DORANTES BROS, LLC, JOSE D RUIZ VENTURA D/B/A VENTURA FLOORING, and VICTOR M. JUAREZ DE JESUS D/B/A JUAREZ'S CONSTRUCTION

65.     Third-Party Defendant Rite Rug Co. (hereinafter "Rite Rug") and (hereinafter "Fourth-Party Plaintiff"), hereby realleges and incorporates all allegations contained in Paragraphs 1 through 64 as fully set forth herein verbatim.

66.     Rite Rug, by and through its undersigned attorneys, asserting fourth-party claims against Dias Flooring, LLC (hereinafter "Dias Flooring" or "Fourth-Party Defendant"); D&S Floors, LLC (hereinafter "D&S Floors" or "Fourth-Party Defendant"); Cruz Flooring, LLC (hereinafter "Cruz Flooring" or "Fourth-Party Defendant"); Dorantes Bros, LLC (hereinafter "Dorantes Bros" or "Fourth-Party Defendant");  Jose D. Ruiz Ventura d/b/a Ventura Flooring, (hereinafter "Ventura" or "Fourth-Party Defendant"), and Victor M. Juarez De Jesus d/b/a Juarez's Construction, (hereinafter "Juarez" or "Fourth-Party Defendant") (collectively "Fourth-Party Defendants"), named above, would allege as follows.

67.     Rite Rug is an Ohio corporation that is authorized to transact business in the State of South Carolina.

68.     Rite Rug served as a subcontractor to D.R. Horton, Inc., for the construction Project at issue involving the Rivermill subdivision in Anderson County, South Carolina (the "Project"), which is the subject of the allegations in Plaintiffs' Complaint.

12

69.     Upon information and belief, Dias Flooring, LLC is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, which transacted business in Anderson County, South Carolina at all pertinent times herein.

70.     Upon information and belief, D&S Floors, LLC is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, which transacted business in Anderson County, South Carolina at all pertinent times herein.

71.     Upon information and belief, Cruz Flooring, LLC is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, which transacted business in Anderson County, South Carolina at all pertinent times herein.

72.     Upon information and belief, Dorantes Bros, LLC is a limited liability company organized and existing pursuant to the laws of the State of South Carolina, which transacted business in Anderson County, South Carolina at all pertinent times herein.

73.     Upon information and belief, Jose D. Ruiz Ventura d/b/a Ventura Flooring is an unincorporated entity, which transacted business in Anderson County, South Carolina at all pertinent times herein.

74.     Upon information and belief, Jose D. Ruiz Ventura d/b/a Ventura Flooring is an unincorporated entity, which transacted business in Anderson County, South Carolina at all pertinent times herein.

75.     Upon information and belief, Victor M. Juarez De Jesus d/b/a Juarez's Construction, is an unincorporated entity, which transacted business in Anderson County, South Carolina at all pertinent times herein.

76.     Rite Rug entered into separate subcontract agreements with Fourth-Party Defendants to perform a limited scope of work on the Project, to include the installation of

flooring products and related components.  As part of their respective subcontract agreements with Rite Rug, Fourth-Party Defendants agreed to "indemnify and save Rite Rug harmless from and against any and all damages, costs, liability, fees, or other losses" associated with the work performed.   As part of their respective subcontract agreements, Fourth-Party Defendants also agreed to perform their respective scope of work free of construction defects and to perform the work in accordance with applicable building codes, industry standards, and manufacturer's installation instructions.

77.     This Court has jurisdiction over the claims asserted by Rite Rug against Fourth-Party Defendants because they arose in Anderson County, South Carolina.

78.     D.R. Horton has filed Third-Party Claims against Rite Rug seeking damages related to Rite Rug's work performed on the Project, which Rite Rug has denied.

79.     D.R. Horton has asserted that Rite Rug is responsible to indemnify, hold harmless, and defend D.R. Horton for any defective work associated with Rite Rug's scope of work, to include any damages for resulting property damage, attorneys' fees and costs, and other damages, which Rite Rug has denied.

80.     Although Rite Rug is without fault, by virtue of the alleged acts and omissions of Fourth-Party Defendants, Rite Rug has been subjected to DR Horton's Complaint, and incurred costs, expenses, attorneys' fees, and other damages associated therewith in defending against D.R. Horton's claims, as well as any sums for which Rite Rug may be held liable to D.R. Horton, whether by judgment, compromise, settlement, or otherwise.

### FOR A FIRST CAUSE OF ACTION AS TO FOURTH-PARTY DEFENDANTS
**(Equitable Indemnity)**

81.     Rite Rug hereby realleges and incorporates all allegations contained herein above as if fully set forth herein verbatim.

82.     D.R. Horton has sued Rite Rug claiming damages resulting from and relating to the specific scope of work performed by Fourth-Party Defendants, which Rite Rug has denied.

83.     Rite Rug contracted with Fourth-Party Defendants to perform flooring work on the subject Project.

84.     By virtue of their agreement on this Project, a special relationship exists between Rite Rug and Fourth-Party Defendants.

85.     Rite Rug is without fault in contributing to D.R. Horton's claims regarding defective work and property damage on the Project.

86.     Rite Rug is informed and believes that if, in fact, D.R. Horton is entitled to recover under the allegations of the Complaint, which is expressly denied, that the allegations are the result of wrongful acts and/or omissions of Fourth-Party Defendants and the resulting damage therefrom, which have damaged Rite Rug as it has been subjected to liability and has incurred damages in the form of attorneys' fees and costs necessary to defend this action.

87.     Rite Rug is entitled to indemnification from Fourth-Party Defendants for any liability Rite Rug is found to have to D.R. Horton for the allegations and relief sought in the Complaint, entitling Rite Rug to recover from Fourth-Party Defendants its attorneys' fees, costs, and any and all other expenses associated with defending this action, as well as any sums for which Rite Rug may be held liable to D.R. Horton, whether by judgment, compromise, settlement or otherwise.

## FOR A SECOND CAUSE OF ACTION AS TO FOURTH-PARTY DEFENDANTS
### (Negligence)

88.     Rite Rug hereby realleges and incorporates all allegations contained herein above as if fully set forth herein verbatim.

89.     Fourth-Party Defendants owed Rite Rug a duty of care to complete their respective scope of work free of construction defects and to perform the work in accordance with applicable building codes, industry standards, and manufacturer's installation instructions.

90.     To the extent that DR Horton allegations are true with respective to Rite Rug's scope of work being defective, which are expressly denied, Fourth-Party Defendants breached their duty of care to Rite Rug, and were negligent, careless, and reckless in the design, supervision, construction, inspection, and/or supply of the work and/or materials outlined above and incorporated into the Project.

91.     To the extent that DR Horton's allegations are true with respective to Rite Rug's scope of work being defective, which are expressly denied, then as a direct and proximate result of such negligence, carelessness, and recklessness of the Fourth-Party Defendants, Rite Rug has been damaged in the amount of any monies it is adjudged to DR Horton, or which it pays DR Horton in settlement of DR Horton's claims, plus the costs and fees of investigating and defending this claim, including attorney's fees, for which it hereby sues.

## FOR A THIRD CAUSE OF ACTION AS TO FOURTH-PARTY DEFENDANTS
### (Breach of Contract/Contractual Indemnity)

92.     Rite Rug hereby realleges and incorporates all allegations contained herein above as if fully set forth herein verbatim.

93.     Rite Rug entered into a contract with Fourth-Party Defendants which required Fourth-Party Defendants to provide work and materials and services related to the construction of the residence that is in question as described above. The terms of the contract(s) require Fourth-Party Defendants to provide construction, goods and services for the subject residence that, among other things, would produce a quality building, free from defects and otherwise in conformance of all contract documents, including all building codes and industry standards.

16

94.     The subcontract agreements between Fourth-Party Defendants and Rite Rug also require the Fourth-Party Defendants to "indemnify and save Rite Rug harmless from and against any and all damages, costs, liability, fees, or other losses" associated with the work performed.

95.     To the extent that the Plaintiffs' and DR Horton's allegations are true with respective to Rite Rug's scope of work being defective, which are expressly denied, then Fourth-Party Defendants breached their contracts with Rite Rug by failing to provide appropriate construction goods and services to the subject residence, by failing to perform work in a careful, diligent, and workmanlike manner, by failing to provide goods and services that resulted in a quality building free from defects and otherwise in conformance with all contract documents and in failing to provide goods and services that were in conformity with all appropriate building codes and industry standards.  As a result of these breaches, Rite Rug has incurred damages in the amount of any money it is adjudged to owe DR Horton, or in which Rite Rug pays DR Horton in settlement of DR Horton's claims, plus the cost of investigating and defending this claim, including attorney's fees, and is entitled to indemnification from the Fourth-Party Defendants for the above referenced damages, for which it hereby sues.

## FOR A FOURTH CAUSE OF ACTION AS TO FOURTH-PARTY DEFENDANTS
### (Breach of Warranty)

96.     Rite Rug hereby realleges and incorporates all allegations contained herein above as if fully set forth herein verbatim.

97.     Fourth-Party Defendants expressly and/or impliedly warranted to Rite Rug that all work performed by them would be performed in a careful, diligent, and workmanlike manner and that any materials and/or services designed, supplied, or sold by them for use on the project would be merchantable and fit for their intended or specific purpose. To the extent that DR Horton's allegations are true with regard to Rite Rug's work being defective, which are expressly

17

denied, the Fourth-Party Defendants breached their implied and/or express warranties of merchantability, workmanlike service, and/or fitness for a particular or intended purpose in the construction of the project.

98.    As a result of these breaches of warranties, Rite Rug has incurred damage in the amount of any money it is adjudged to owe DR Horton, or which it pays DR Horton in settlement of DR Horton's claims, plus the cost of investigating and defending this claim, including attorney's fees, for which it hereby sues.

WHEREFORE, having fully answered, Third-Party Defendant prays that the Complaint be dismissed, for the costs of defending this action, for judgment on all causes of action asserted in its Fourth-Party Complaint, and for such other relief as the Court and jury deem just and proper.

**MCANGUS GOUDELOCK & COURIE, LLC**

*s/Robert L. Mebane, Jr.*
Robert L. Mebane, Jr. (Fed Bar No. 11486)
Michael J. Neubauer (Fed Bar No. 14433)
201 West McBee Avenue, 2nd Floor
Greenville, South Carolina 29601
robert.mebane@mgclaw.com
michael.neubauer@mgclaw.com

***ATTORNEYS FOR RITE RUG CO.***

February 17, 2026