# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

## ANDERSON DIVISION

| | |
|---|---|
| Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated, | ) CASE No.: 8:26-CV-00097-DCC ) ) ) |
| Plaintiff | ) |
| vs. | ) **BUILDERS FIRSTSOURCE-** ) **SOUTHEAST GROUP, LLC** |
| D.R. Horton, Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | ) **ANSWER TO DR HORTON, INC.** ) **THIRD-PARTY COMPLAINT AND** ) **BUILDERS FIRSTSOURCE-** ) **SOUTHEAST GROUP, LLC** ) **FOURTH-PARTY COMPLAINT** ) **AGAINST NEW CENTURY** |
| Defendants. | ) **BUILDERS, LLC AND SILVER** ) **LINE BUILDING PRODUCTS, LLC** ) |
| | ) |
| D.R. Horton, Inc., | ) ) |
| Crossclaim Plaintiff and Third-Party Plaintiff, | ) ) ) |
| VS. | ) ) |
| Alpha Omega Construction Group, Inc., Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | ) ) ) ) ) |
| Crossclaim Defendants, and | ) |
| Mark III Properties, LLC; P&L Enterprises, LLC; Damian Magos Mendoza; General Shale Brick, Inc.; Meridian Brick, LLC; Rite Rug, Co.; Builders First Source — Southeast Group, LLC; Brand Vaughan Lumber, Co.; Valmen Solutions, LLC; Bravo Carpenters, Inc.; CJ Framing, LLC; Get Floored, LLC; Lansing Building Products, LLC; American Concrete & Precast, LLC; Five Star Foundations, LLC; One Tree Hill, Inc. d/b/a Willis Landscaping; The Loving Group, LLC; All in One Insulation, LLC; Marlowe Environmental, LLC; Kin :s | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Landsca in , LLC; Earthworks Unlimited, Inc.; )
CSI Erosion, Inc.; CSI Erosion SC, Inc.; )
Superior Grading, LLC; Cedar Ridge )
Landscaping, LLC; Dupree Plumbing Co., )
Inc.; AZ, Inc; Installed Building Products, )
LLC d/b/a Custom Glass Atlanta; Saldana )
Brothers, Inc.; 84 Lumber Company; Carter )
Lumber Company; Justin Villines, LLC; GBS )
Building Supply US LBM, LLC; Garcia )
Painting & Drywall, LLC; UTM Enterprises, )
Inc.; McGillicuddy Concrete, LLC; Bianchi & )
Company, Inc. )
)
               Third-Party Defendants )
)
Builders FirstSource-Southeast Group, LLC )
)
               Fourth-Party Plaintiff )
)
v. )
)
Silver Line Building Products, LLC; and New )
Century Builders, LLC. )
)
               Fourth-Party Defendants. )

The Third-Party Defendant, Builders FirstSource-Southeast Group, LLC, answering the Third-Party Complaint of D.R. Horton, Inc., (as set forth within its Answer, Crossclaims, and Third-Party Complaint filed January 16, 2026), asserting its Fourth-Party Claims, and reserving all rights under any and/or all pending and/or hereinafter filed motions, would respectfully allege unto this Honorable Court as follows:

## FOR A FIRST DEFENSE

1.     That each and every allegation contained in the Third-Party Complaint (hereinafter sometimes "Third-Party Complaint"), not hereinafter specifically admitted is denied, and strict proof demanded thereof.

2.     That this Defendant would show that Paragraphs 1 through 59 of the Third-Party Complaint relate to the defenses, by DR Horton, Inc., against those causes of action as set forth in the Plaintiffs' Complaint, and require no response by this Defendant; to the extent that the allegations of said paragraphs may be deemed to require a response by this Defendant, such allegations are hereby specifically denied.

3.     That this Defendant, in responding to Paragraph 60 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

4.     That this Defendant admits, upon information and belief, those allegations set forth in Paragraph 61 of the Third-Party Complaint.

5.     That this Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations set forth in Paragraphs 62, 63, 64, 65, 66, and 67 of the Third-Party Complaint, and therefore denies the same and demands strict proof thereof.

6.     That this Defendant admits only so much of Paragraph 68 of the Third-Party Complaint as alleges, or may be construed to allege, that Builders FirstSource provided limited materials and/or services in connection with original construction of some of the subject residences. This Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 68 and therefore denies the same and demands strict proof thereof.

7.     That this Defendant would show that the best evidence of any alleged agreement between DR Horton, Inc., and this Defendant is such agreement itself, and/or any amendment and/or addenda thereto, and denies so much of Paragraphs 69 and 70 as may be inconsistent and/or incompatible therewith, and/or which alleges, or may be construed to allege, any liability and/or responsibility of this Defendant for any damages alleged in this litigation, and demands strict proof thereof. This Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraphs 69 and 70, and therefore denies the same and demands strict proof thereof.

8.     That this Defendant would show that the allegations of Paragraphs 71 and 72 of the Third-Party Complaint set forth in conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraphs may be deemed to require a response by this Defendant, such allegations are hereby specifically denied.

9.     That this Defendant would show that the best evidence of the Plaintiffs' Complaint is the Complaint itself, and denies so much of Paragraphs 73 and 74 of the Third-Party Complaint as may be inconsistent and/or incompatible therewith, and/or which may allege, or may be construed to allege, liability and/or responsibility of this Defendant for any of the damages alleged in this litigation, and demands strict proof thereof.

10.    That this Defendant would show that the allegations set forth in Paragraph 75 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraph

4

may be deemed to require a response by this Defendant, such allegations are hereby specifically denied.

11. That this Defendant denies the allegations set forth in Paragraphs 76 and 77 of the Third-Party Complaint, and demands strict proof thereof.

12. That this Defendant, in responding to Paragraph 78 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

13. That this Defendant would show that the best evidence of the Plaintiffs' Complaint is the Complaint itself, and denies so much of Paragraph 79 of the Third-Party Complaint as may be inconsistent and/or incompatible therewith, and/or which may allege, or may be construed to allege, liability and/or responsibility of this Defendant for any damages claimed in this litigation, and demands strict proof thereof.

14. That this Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations set forth in Paragraph 80 of the Third-Party Complaint, and therefore denies the same and demands strict proof thereof.

15. That this Defendant would show that the best evidence of any alleged agreement between DR Horton, Inc., and this Defendant is such agreement itself, and any amendment and/or addendum thereto, and denies so much of Paragraph 81 as may be inconsistent and/or incompatible therewith, and/or which alleges, or may be construed to allege, any liability and/or responsibility of this Defendant for any damages alleged in this litigation, and demands strict proof thereof. This

Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the remaining allegations of Paragraph 81, and therefore denies the same and demands strict proof thereof.

16. That this Defendant would show that the best evidence of the Plaintiffs' Complaint is the Complaint itself, and denies so much of Paragraph 82 of the Third-Party Complaint as may be inconsistent and/or incompatible therewith, and/or which may allege, or may be construed to allege, any liability and/or responsibility of this Defendant for any damages claimed in this litigation, and demands strict proof thereof.

17. That this Defendant denies the allegations set forth in Paragraphs 83, 84, 85 and 86 of the Third-Party Complaint, and demands strict proof thereof.

18. That this Defendant, in responding to Paragraph 87 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

19. That this Defendant would show that the best evidence of the Plaintiffs' Complaint is the Complaint itself, and denies so much of Paragraph 88 of the Third-Party Complaint as may be inconsistent and/or incompatible therewith, or may be construed to allege, any liability and/or responsibility of this Defendant for any of the damages alleged in this litigation, and demands strict proof thereof.

20. That this Defendant admits the allegations set forth in Paragraph 89 of the Third-Party Complaint.

21. That this Defendant would show that the allegations of Paragraph 90 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither

admit nor deny; to the extent that the allegations of said paragraph may be deemed to require a response by this Defendant, such allegations are hereby specifically denied.

22. That this Defendant denies the allegations set forth in Paragraphs 91, 92 and 93 of the Third-Party Complaint, and demands strict proof thereof.

23. That this Defendant, in responding to Paragraph 94 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

24. That this Defendant is without knowledge or information sufficient to form an opinion or belief as to the truth of the allegations set forth in Paragraph 95 of the Third-Party Complaint, and therefore denies the same and demands strict proof thereof.

25. That this Defendant would show that the allegations of Paragraph 96 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraph may be deemed to require a response by this Defendant such allegations are hereby specifically denied.

26. That this Defendant denies the allegations set forth in 97 and 98 of the Third-Party Complaint.

27. That this Defendant, in responding to Paragraph 99 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

28. That this Defendant would show that the allegations of Paragraph 100 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraph may be deemed to require a response by this Defendant such allegations are hereby specifically denied.

29. That this Defendant denies the allegations set forth in Paragraphs 101 and 102 of the Third-Party Complaint, and demands strict proof thereof.

30. That this Defendant, in responding to Paragraph 103 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

31. That this Defendant would show that the allegations of Paragraph 104 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraph may be deemed to require a response by this Defendant such allegations are hereby specifically denied.

32. That this Defendant denies the allegations set forth in Paragraphs 105 and 106 of the Third-Party Complaint, and demands strict proof thereof.

33. That this Defendant, in responding to Paragraph 107 of the Third-Party Complaint, would reallege and reiterate each and every allegation set forth in the preceding paragraphs hereof.

34. That this Defendant would show that the allegations of Paragraph 108 of the Third-Party Complaint set forth conclusions of law, which this Defendant need neither admit nor deny; to the extent that the allegations of said paragraph may be

deemed to require a response by this Defendant such allegations are hereby specifically denied.

35.     That this Defendant denies the allegations set forth in Paragraphs 109 and 110 of the Third-Party Complaint, and demands strict proof thereof.

**FOR AN AFFIRMATIVE DEFENSE**
(Merger)

36.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

37.     That this Third-Party Defendant would show that, if any representations were made to the Third-Party Plaintiff during the course of negotiations between the parties, which representations are hereby specifically denied, then all representations merged into the contract between the parties.

**FOR AN AFFIRMATIVE DEFENSE**
(Statutes of Limitations)

38.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

39.     That this Third-Party Defendant would show that all claims asserted by the Third-Party Plaintiff are barred by the applicable statute and/or statutes of limitations.

**FOR AN AFFIRMATIVE DEFENSE**
(Insufficient Facts to Constitute Cause of Action)

40.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

41.     That this Third-Party Defendant would show that the allegations of the Third-Party Complaint fails to state a claim upon which relief may be granted and therefore this matter should be dismissed.

FOR AN AFFIRMATIVE DEFENSE

42.   That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

43.   That this Third-Party Defendant would show that the Third-Party Plaintiff had no right or entitlement to rely upon any representations allegedly made by the Third-Party Defendant, which representations are hereby specifically denied.

FOR AN AFFIRMATIVE DEFENSE

44.   That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

45.   That this Third-Party Defendant would show that the Third-Party claims upon causes of action in breach of contract, breach of warranty, and negligence are, in fact, disguised claims in indemnity, as no independent damages are related to this Defendant's scope of work. Those causes of action should, therefore, be dismissed pursuant to the Stoneledge cases as issued by the South Carolina Court of Appeals.

FOR AN AFFIRMATIVE DEFENSE
(Superseding Negligence)

46.   That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

47.   That this Third-Party Defendant would show that the damages alleged by the Third-Party Complaint, which damages are hereby specifically denied, were the sole and proximate result of the intervening and/or superseding negligence and/or intervening and/or superseding willful acts and/or recklessness of third persons or parties, which intervening and/or superseding negligence and/or willful acts

10

and/or other actions are a bar to the causes of action asserted against this Third-Party Defendant.

### FOR AN AFFIRMATIVE DEFENSE
(Contributory Negligence)

48. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

49. That this Third-Party Defendant would show that the damages alleged by the Third-Party Plaintiff, which damaged are hereby specifically denied, were due to and caused by the reckless, willful, wanton, negligent, careless and grossly negligent acts and conduct of the Third-Party Plaintiff, which actions combined and concurred with any negligence on the part of this Third-Party Defendant, which negligence is hereby specifically denied, to produce such damages, without which the same would not have occurred.

### FOR AN AFFIRMATIVE DEFENSE
(Comparative Negligence)

50. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

51. That this Third-Party Defendant would show that the injuries and/or damages alleged by the Third-Party Plaintiff, which injuries and damages are hereby specifically denied, were due to and caused by the reckless, willful, wanton, negligent, careless and grossly negligent acts and conduct of the Third-Party Plaintiff, which acts were greater than any acts of negligence on the part of this Third-Party Defendant, which acts on the part of this Third-Party Defendant are

hereby specifically denied, to produce such injury and/or damages, and without which the same would not have occurred.

FOR AN AFFIRMATIVE DEFENSE
(Doctrine of Laches)

52. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

53. That this Third-Party Defendant would show that the claims of the Third-Party Plaintiff are barred by the doctrine of laches.

FOR AN AFFIRMATIVE DEFENSE
(Assumption of the Risk)

54. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

55. That this Third-Party Defendant would show that the Third-Party Plaintiff, by and through their actions and/or inactions with regard to the subject alleged in the Third-Party Complaint, have assumed the risk and/or accepted all portions of any damages alleged by the Third-Party Plaintiff and such assumption of risk and/or acceptance is a bar to claims against this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Failure to Mitigate)

56. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

57. That this Third-Party Defendant would show that the injuries and/or damages alleged by the Third-Party Plaintiff, which injuries and/or damages are hereby specifically denied, were due to and caused by the Third-Party Plaintiff' failure to mitigate, which failure is a complete bar to recovery by the Third-Party Plaintiff.

## FOR AN AFFIRMATIVE DEFENSE
### (Doctrine of Estoppel)

58. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

59. That this Third-Party Defendant would show that the Third-Party Plaintiff is barred by the doctrine of estoppel from asserting claims against this Third-Party Defendant.

## FOR AN AFFIRMATIVE DEFENSE
### (Doctrine of Waiver)

60. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

61. That this Third-Party Defendant would show that the claims of the Third-Party Plaintiff are barred by the doctrine of waiver.

## FOR AN AFFIRMATIVE DEFENSE
### (Economic Loss Rule)

62. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

63. That this Third-Party Defendant would show that the claims of the Third-Party Plaintiff are barred by the economic loss rule.

## FOR AN AFFIRMATIVE DEFENSE
### (Sole Negligence of Third Parties)

64. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

65. That this Third-Party Defendant would show that the injuries and/or damages alleged by the Third-Party Plaintiff, which injuries and/or damages are hereby

specifically denied, were due to and were the proximate result of the sole negligence and/or recklessness of third persons or parties, for whose conduct this Third-Party Defendant is not liable.

## FOR AN AFFIRMATIVE DEFENSE

66.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

67.    That to the extent punitive damages are claimed, this Defendant demands a bifurcated jury trail pursuant to SC Code § 15-32-520, and demands that said damages, if any, be limited to three (3) times the amount of any compensatory damages, or the sum of $500,000.00, whichever is greater, or as punitive damages maybe otherwise limited as provided in SC Code § 15-32-530.

## FOR AN AFFIRMATIVE DEFENSE
(Exclusion of Warranty)

68.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

69.    That this Third-Party Defendant would show that any and/or all applicable warranties have been properly and effectively excluded by this Third-Party Defendant.

## FOR AN AFFIRMATIVE DEFENSE
(Modification of Warranties)

70.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

14

71.  That this Third-Party Defendant would show that any and/or all applicable warranties have been properly and effectively modified by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Limitation of Warranties)

72.  That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

73.  That this Third-Party Defendant would show that any and all applicable warranties have been properly and effectively limited by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Expiration of Warranties)

74.  That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

75.  That this Third-Party Defendant would show that any applicable warranties have expired, and that no claim as been timely made within the warranty period.

FOR AN AFFIRMATIVE DEFENSE
(Excluded Remedies)

76.  That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

77.  That this Third-Party Defendant would show that the available remedies have been properly and effectively excluded by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Modification of Remedies)

78. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

79. That this Third-Party Defendant would show that all applicable remedies have been properly and effectively modified by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Limitation of Remedies)

80. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

81. That this Third-Party Defendant would show that all available remedies have been properly and effectively limited by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Disclaimer of Warranties)

82. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

83. That this Third-Party Defendant would show that any and all applicable warranties have been properly and effectively disclaimed by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Disclaimer of Remedies)

84. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

85. That this Third-Party Defendant would show that any and all available remedies have been properly and effectively disclaimed by this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Failure to Comply with Contractual Conditions Precedent)

86.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

87.     That this Third-Party Defendant would show that the Third-Party Plaintiff have failed properly to comply with contractual conditions precedent to the assertion of those claims set forth in the Third-Party Complaint, which failure is a bar to all claims against this Third-Party Defendant.

FOR AN AFFIRMATIVE DEFENSE
(Failure to give notice of breach of warranty)

88.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

89.     That this Third-Party Defendant would show that the Third-Party Plaintiff have failed to give reasonable notice of any alleged breach of any applicable warranty, which breach of warranty or warranties is hereby specifically denied.

FOR AN AFFIRMATIVE DEFENSE
(Insufficient Service of Process)

90.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

91.     That this Third-Party Defendant would show that there has been insufficient service of process upon the person of this Third-Party Defendant, and the Third-Party Plaintiff' claims should therefore be dismissed.

FOR AN AFFIRMATIVE DEFENSE
(Reservation and Non-Waiver)

92.     That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

93. That this Third-Party Defendant does not waive, and hereby specifically reserves, any additional and/or further defenses, the propriety of which may be indicated by additional information which may be acquired by this Third-Party Defendant or its/their counsel during the course of discovery or otherwise.

FOR AN AFFIRMATIVE DEFENSE
(Joint Tort Feasors Act)

94. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

95. That this Third-Party Defendant would show that, in the event of a verdict rendered jointly against this Third-Party Defendant and the remaining Defendant, this Third-Party Defendant is entitled to contribution from said remaining Defendant, pursuant to the provisions of the South Carolina Uniform Contribution Among Joint Tort Feasors Act and/or other provisions of law.

FOR AN AFFIRMATIVE DEFENSE

96. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

97. That this Third-Party Defendant would allege that any recovery against this Third-Party Defendant must be set off or reduced or abated or apportioned to the extent that any other party's actions caused or contributed to any damages, if any, or as otherwise provided pursuant to relevant sections of the South Carolina Contribution Among Joint Tort Feasors Act, Section 15-38-10, et seq. SC Code Amended.

FOR AN AFFIRMATIVE DEFENSE

18

98.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

99.    That this Third-Party Defendant would show that the design and materials used in the construction of subject property in question were developed, selected, and/or approved by DR Horton and/or other Defendants, thereby reliving this Third-Party Defendant of any liability or responsibility for damages resulting from design deficiencies or materials which may not have been suitable for incorporation into the subject property.

FOR AN AFFIRMATIVE DEFENSE
(Protections under Constitution(s))

100.    That each and every allegation set forth in preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

101.    That this Third-Party Defendant would show that the imposition of punitive damages is violative of protections afforded by the 5th, 8th, and 14th and/or other amendments to the United States and/or South Carolina constitutions.

FOR AN AFFIRMATIVE DEFENSE
(Statutes of Repose)

102.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

103.    That this Third-Party Defendant would show that the Third-Party Plaintiff' claims are barred by the applicable statute and/or statutes of repose.

FOR AN AFFIRMATIVE DEFENSE
(Statute of Frauds)

104.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

105.  That this Third-Party Defendant would show that the claims of the Third-Party Plaintiff are barred by the Statute of Frauds.

FOR AN AFFIRMATIVE DEFENSE
(Spoliation of Evidence)

106.  That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

107.  Without admitting that its products were installed on the subject structure, this Third-Party Defendant submits that repairs may have been made to the subject structure and further, that the alleged defective products and/or conditions may have been destroyed and/or modified.  To the extent that this Third-Party Defendant has not been afforded the opportunity to inspect and examine the alleged defective products, conditions, and/or their components, this Third-Party Defendant pleads the Spoliation of Evidence Doctrine as a complete defense to this action.

FOR AN AFFIRMATIVE DEFENSE

108.  That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

109.  That any products designed, assembled and/or supplied by this Third-Party Defendant are found to be the cause of damages suffered by Third-Party Plaintiff, which this Third-Party Defendant hereby specifically denies, the Third-Party Plaintiff cannot recover against this Third-Party Defendant if and to the extent that the use of such products was under circumstances constituting an alteration or modification of the products as provided in South Carolina Code Section 15-73-10, and/or otherwise.

20

FOR AN AFFIRMATIVE DEFENSE

110. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

111. In the event that the products designed, assembled and/or supplied by this Third-Party Defendant are found to be the cause of damages suffered by Third-Party Plaintiff, which this Third-Party Defendant specifically hereby denies, Third-Party Plaintiff cannot recover against this Third-Party Defendant if and to the extent that the use of the products was under circumstances constituting a lack of reasonable or diligent care, and/or was an unreasonable use as defined in South Carolina Code Section 15-73-10, and/or otherwise.

FOR AN AFFIRMATIVE DEFENSE

112. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

113. To the extent that any petition in bankruptcy has been filed by or on behalf of this Third-Party Defendant, this Third-Party Defendant would pled discharge in bankruptcy as a complete defense to any and all claims.

FOR AN AFFIRMATIVE DEFENSE

114. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

115. That this Third-Party Defendant would show that the Third-Party Plaintiff lacks sufficient legal privity with this Third-Party Defendant to permit imposition of liability.

FOR AN AFFIRMATIVE DEFENSE

116. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

117. That this Third-Party Defendant would show that it has made no representations of warranties inducing the purchase for use of its products by Third-Party Plaintiff or others, except such warranties which may be express and in writing, and such express warranties are the only and best evidence of their content and legal effect, and include lawful disclaimers of implied warranties of merchantability and fitness for a particular purpose, and include limitations and responsibility to this Third-Party Defendant. This Third-Party Defendant is not responsible for any warranties or representations of purchases and resellers of its products.

FOR AN AFFIRMATIVE DEFENSE

118. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

119. That the Third-Party Plaintiff is without standing to assert those claims set forth within the relevant Third-Party Complaint, and the Third-Party Plaintiff's claims should therefore be dismissed.

FOR AN AFFIRMATIVE DEFENSE

120. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

121. That this Third-Party Defendant is informed and believes that the Third-Party Plaintiff have failed to comply with the provisions of Sections 40-59-10 et seq., and/or Section 40-11-10 et seq., South Carolina Code of Laws (1976), as

amended, and the Third-Party Complaint should, therefore, be stayed and/or dismissed.

FOR AN AFFIRMATIVE DEFENSE

122. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

123. That, to the extent that the Third-Party Plaintiff has failed to comply with the requirements of the South Carolina Notice and Opportunity to Cure Construction Dwelling Defects Act (Section 40-59-810 through 40-59-860), and/or Sections 40-11-500 through 40-11-570, South Carolina Code of Laws (1976), as amended, including the provision of the required notice to the Third-Party Defendant, and the provisions to the Third-Party Defendant of an opportunity to cure, the Third-Party Plaintiff's action must be stayed and/or otherwise barred.

FOR AN AFFIRMATIVE DEFENSE

124. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

125. To the extent the Third-Party Complaints may be construed to assert a cause of action for contribution against this Third-Party Defendant, such action is barred as premature pursuant to the terms of the South Carolina Uniform Contribution Among Tortfeasors Act.

FOR AN AFFIRMATIVE DEFENSE

126. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

127. To the extent the Third-Party Complaint may be construed to assert a cause of action for negligence against this Third-Party Defendant, such action is barred as premature pursuant to the terms of the South Carolina Uniform Contribution Among Tortfeasors Act.

### FOR AN AFFIRMATIVE DEFENSE

128. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

129. To the extent the Third-Party Complaint may be construed to assert a cause of action for negligence against this Third-Party Defendant, Third-Party Plaintiff has not alleged nor sustained any damages compensable in a negligence action.

### FOR AN AFFIRMATIVE DEFENSE

130. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

131. To the extent the Third-Party Complaint may be construed to assert a cause of action for contractual indemnification against this Third-Party Defendant, Third-Party Plaintiff is not entitled to contractual indemnification from this party because there was no valid contract of indemnification between Third-Party Plaintiff and this Third-Party Defendant.

### FOR AN AFFIRMATIVE DEFENSE

132. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

133. To the extent the Third-Party Complaint may be construed to assert a cause of action for breach of contract against this Third-Party Defendant, Third-Party

24

Plaintiff has not alleged nor sustained any damages compensable in a breach of contract action.

FOR AN AFFIRMATIVE DEFENSE

134. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

135. To the extent the Third-Party Complaint may be construed to assert a cause of action for equitable indemnification against this Third-Party Defendant, Third-Party Plaintiff is not entitled to equitable indemnification from this party because no special relationship existed between this Third-Party Plaintiff and this answering party.

FOR AN AFFIRMATIVE DEFENSE

136. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

137. To the extent the Third-Party Complaint may be construed to assert a cause of action for equitable indemnification against this Third-Party Defendant, Third-Party Plaintiff is a tortfeasor without a right to indemnification.

FOR AN AFFIRMATIVE DEFENSE

138. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

139. To the extent the Third-Party Complaint may be construed to assert a cause of action for equitable indemnification against this Third-Party Defendant, Third-Party Plaintiff is not without fault, and therefore not entitled to equitable indemnification.

FOR AN AFFIRMATIVE DEFENSE

140. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

141. To the extent Third-Party Complaint may be construed to assert a cause of action for equitable indemnification against this Third-Party Defendant, Third-Party Plaintiff is not entitled to equitable indemnification because no act or omission by this party has been or can be imputed to Third-Party Plaintiff for liability purposes.

FOR AN AFFIRMATIVE DEFENSE

142. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

143. This Third-Party Defendant pleads the doctrine of unclean hands as a complete defense and bar to any claim in equity asserted by Third-Party Plaintiff.

FOR AN AFFIRMATIVE DEFENSE

144. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

145. This Third-Party Defendant pleads equitable estoppel as a complete defense and bar to any claim in equity asserted by Third-Party Plaintiff.

FOR AN AFFIRMATIVE DEFENSE

146. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

147. To the extent the Third-Party Complaint may be construed to assert a cause of action for breach of warranty, whether written or oral, express or implied, any

alleged warranties from this Third-Party Defendant do not extend to Third-Party Plaintiff.

## FOR AN AFFIRMATIVE DEFENSE

148. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

149. To the extent the Third-Party Complaint may be construed to assert a cause of action for breach of implied warranties, Third-Party Plaintiff is not the beneficiary of any alleged implied warranties because any alleged breach did not damage Third-Party Plaintiff's person or property.

## FOR AN AFFIRMATIVE DEFENSE

150. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

151. To the extent the Third-Party Complaint may be construed to assert a cause of action for breach of warranty, whether written or oral, express or implied, Third-Party Plaintiff has not alleged nor sustained any damages compensable in a breach of warranty action.

## FOR AN AFFIRMATIVE DEFENSE

152. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

153. All implied warranties have been properly excluded by the contract, by the parties' course of dealing, by the parties' course of performance, and/or usage of trade.

## FOR AN AFFIRMATIVE DEFENSE

154. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

155. To the extent the Third-Party Complaint may be construed to assert a cause of action for product liability or defective product, Third-Party Plaintiff is not entitled to recovery because Third-Party Plaintiff has not alleged or sustained any compensable damage or harm to Third-Party Plaintiff's person or property.

## FOR AN AFFIRMATIVE DEFENSE

156. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

157. Third-Party Plaintiff's damages are limited by the limitation of remedies contained in the contract.

## FOR AN AFFIRMATIVE DEFENSE

158. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

159. That, pursuant to the provisions of Section 32-2-10, South Carolina Code, 1976, as amended, the indemnity clause which the Third-Party Plaintiff seeks to enforce against this Third-Party Defendant is void and against public policy to the extent that such provision purports to require that this Third-Party Defendant indemnify the Third-Party Plaintiff against liability for damages arising out of the sole or concurrent negligence or intentional actions of the Third-Party Plaintiff.

## FOR AN AFFIRMATIVE DEFENSE

160. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

28

161. To the fullest extent permitted by law, this Defendant adopts and incorporates the defense of all other Defendants and Third-Party Defendants who have been joined or may be joined to the underlying lawsuit, as if reiterated herein and repeated verbatim, where those defenses are consistent with this Defendant's defenses as asserted in this Answer to the Third-Party Complaint.

FOR AN AFFIRMATIVE DEFENSE
(Statutory Cap on Punitive Damages)

162. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

163. Without conceding the proprietary of punitive damages, and while specifically denying any entitlement of the plaintiff to such damages, this Defendant would nonetheless show that any such punitive damages, if available, are subject to the statutory cap as set forth in South Carolina Code Ann. §15-32-530.

**FOR AN ADDITIONAL DEFENSE AND BY WAY OF FOURTH-PARTY COMPLAINT AGAINST SILVER LINE BUILDING PRODUCTS, LLC**

164. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

165. That this Defendant/Fourth-Party Plaintiff is informed and believes that Fourth-Party Defendant, Silver Line Building Products, is a corporation organized under and existing pursuant to the laws of one of the states of the United States, which corporation, at all times referenced herein, conducted business, in whole or in part, in Anderson County South Carolina; this Defendant/Fourth-Party Plaintiff is further informed and believes that Silver Line Building Products, (hereinafter

sometimes "Silver Line"), provided materials and/or services in connection with original construction of the subject structures.

166.   That the Plaintiffs, Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, acting individually, and purportedly on behalf of all others similarly situated, by their Complaint, have sued the Defendant/Third-Party Plaintiff, D.R. Horton, Inc.

167.   That the Defendant/Fourth-Party Plaintiff, Builders FirstSource, is informed and believes that the Plaintiffs, Williams et al, in the referenced litigation, have asserted damages allegedly occasioned by deficiencies in design, development, construction, and/or component materials of the subject residence. That this Defendant/Fourth-Party Plaintiff is further informed and believes that the Plaintiffs have further asserted that such deficiencies were caused, *inter alia*, by the negligent, grossly negligent, careless, reckless, and/or willful acts or omissions of D.R. Horton and/or its subcontractors and/or suppliers. D.R. Horton, by its answer to the Plaintiffs' Complaint, and its Third-Party Complaint, has, in turn, asserted Third-Party Claims against parties including this Third-Party Defendant, Builders FirstSource, seeking recovery of damages allegedly occasioned by deficiencies in materials and/or construction, as alleged in the Plaintiffs' Complaint. To the extent that D.R. Horton and/or the Plaintiffs and/or other parties in the action may establish any such deficiencies in the materials provided by Silver Line, such deficiencies will also establish breach, by Silver Line, of its obligations to BFS, including breach(es) resulting from the

negligence, gross negligence, careless, reckless, and/or willful acts or omissions of Silver Line.

168. That BFS has denied the material allegations against it in the Third-Party Complaint of DR Horton, Inc.

## FOR A FIRST CAUSE OF ACTION AGAINST SILVER LINE BUILDING PRODUCTS

169. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

170. That Silver Line was responsible for the design, development, manufacture, production, distribution, marketing and/or sale of windows, for proper quality control, and for compliance with the contract documents, industry standards, and requirements of the relevant building codes, in connection with its production of such materials in connection with original construction of the subject residence. In the event that the Plaintiffs or others establish that windows provided to BFS, for installation at the subject structures, were not in compliance with relevant contract documents, industry standards, and/or building code requirements, then and in that event Silver Line has failed properly to execute its duties, which failure has allegedly caused those damages asserted by the Third-Party Plaintiff.

171. That the agreement, executed by and between BFS and Silver Line, provides for contractual indemnification in favor of BFS.

172. The circumstances, herein give rise to a special relationship between BFS and Silver Line, respectively.

173. That to the extent, if any, that BFS may be held liable to the Third-Party Plaintiff, and/or others in this action, such liability would be a direct and proximate result of the wrongful acts, omissions, negligence, gross negligence, and/or representations of Silver Line, which have damaged BFS, as BFS has been subject to liability and has incurred consequential damages in having to extent attorneys' fees and costs in defending against the referenced claims.

174. That BFS is entitled to full contractual and/or common law indemnification from Silver Line, for and against any liability which BFS is found to have due to the wrongful acts, omissions, negligence, gross negligence and/or mishaps of Silver Line, to the Third-Party Plaintiff, or to others in this action, and BFS is also entitled to damages for any negligence, and/or gross negligence as aforesaid, on the part of Silver Line, entitling BFS to recover from Silver Line its attorneys' fees, costs, and other expenses incurred in defending this action, and further entitling BFS to recover from Silver Line sums which BFS may be held liable, or may pay in settlement, to the Third-Party Plaintiff, and/or to others.

## FOR A SECOND CAUSE OF ACTION AGAINST SILVER LINE

175. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

176. That Silver Line owed a duty of due care in providing services and/or materials to BFS. That to the extent that the allegations of the DR Horton Third-Party Complaint may be established, then and in that event Silver Line was negligent, grossly negligent, careless and/or reckless in the design, manufacture, development, production, supervision, engineering, inspection, marketing,

distribution and/or sale and/or supplying of windows outlined above and incorporated in the project.

177. That as a direct and proximate result of such negligence, gross negligence, careless, and/or reckless, BFS has been damaged in the amount of any monies it is adjudged to owe the Third-Party Plaintiff, or others in this action, or which it pays the Third-Party Plaintiff, or others in settlement of the Plaintiffs' or other's claims, plus the cost of investigation and defense of this action, including, but not limited to, attorney's fees.

178. Upon information and belief, BFS is entitled to judgment for actual damages against Silver Line in the amount of any monies BFS is adjudged to owe Third-Party Plaintiff, or others, as a result of any wrongful act or omission of Silver Line, or which BFS pays Third-Party Plaintiff or others in investigation, defense, and/or settlement of this claim including, but not limited to attorney's fees.

## FOR A THIRD CAUSE OF ACTION AGAINST SILVER LINE

179. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as it set forth herein.

180. That Silver Line, expressly or impliedly warranted that its windows, used in construction of the subject residence would be of the highest quality and in conformance with generally accepted standards of the building components, architecture, and/or construction industries, and that the materials, specifications, instructions, etc. would comply with generally accepted principles in the industries. Silver Line expressly and/or impliedly warranted that the windows were merchantable, suitable, and fit for use in construction the subject residence,

33

and that such materials would be free of defects. To the extent that the allegations of the Third-Party Plaintiff may be established, Silver Line breached its implied and/or express warranties.

181. That as a result of the aforesaid alleged breaches of warranties, BFS has incurred damages in the amount of any monies it is adjudged to owe the Third-Party Plaintiff or others, as a result of any wrongful act or omission of Silver Line, or which it pays the Third-Party Plaintiff or others in settlement of the Third-Party Plaintiff's or other's claims, plus the costs of investigation and the defenses of this claims, including attorney's fees.

182. That upon information and belief, BFS is entitled to judgment against Silver Line in the amount of any monies it is adjudged to owe the Third-Party Plaintiff, or others, as a result of any wrongful act or omission of Silver Line, or which it pays the Third-Party Plaintiff or others in settlement of the Third-Party Plaintiff's or other's claims, as a result of any wrongful act or omission of Silver Line, as well as costs and fees incurred in the investigation, defense, and/or settlement of this claims.

**FOR A FOURTH CAUSE OF ACTION AGAINST SILVER LINE**

183. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

184. That BFS is informed and believes that it is found to be liable to the Third-Party Plaintiff, or others, then and in that event Silver Line is a joint tort feasor and BFS is entitled to contribution from Silver Line, jointly or severally, pursuant to the

provisions of the South Carolina Uniform Contribution Among Joint Tort Feasors Act, Sections 15-38-10 et, seq, South Carolina Code of Laws 1976, as amended.

## FOR A FIFTH CAUSE OF ACTION AGAINST SILVER LINE

185. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

186. That, upon information and belief, heretofore, BFS entered into an agreement with Silver Line, whereby Silver Line, agreed, in consideration of payment by BFS, to provide various windows to be used in conjunction with construction of the subject residence, which materials would be in accordance with relevant plans and specifications, industry standards, code requirements, and otherwise suitable for use in conjunction with the contemplated construction.

187. That BFS paid to Silver Line the consideration required under the aforesaid contracts.

188. That in the event that the allegations of the Third-Amended Third-Party Complaint are established, then the materials provided by Silver Line pursuant to the aforesaid contracts with BFS were not in accordance with the requirements of said contracts, rendering Silver Line in material breach of its contract with BFS.

189. That as a result of the aforesaid breach and/or breaches of contract and/or warranty, BFS has incurred damages in the amount of any monies it is adjudged to owe to the Third-Party Plaintiff, and/or others, or which it pays to the Third-Party Plaintiff and/or others in settlement of the claims of Third-Party Plaintiff or others, plus the cost of investigation and the cost of defense of this claims, including attorney's fees.

190. That upon information and belief, BFS is entitled to judgment against Silver Line in the amount of any monies it is adjudged to owe to the Third-Party Plaintiff and/or others, as a result of the wrongful acts or omissions of Silver Line, and/or which it pays to Third-Party Plaintiff and/or others in settlement of the claims of the Third-Party Plaintiff and/or others, as well as costs and fees incurred in the investigation, defense, and/or settlement of this claim including attorney's fees.

**FOR AN ADDITIONAL DEFENSE AND BY WAY OF FOURTH-PARTY COMPLAINT AGAINST NEW CENTURY BUILDERS, LLC**

191. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

192. That this Defendant/Fourth-Party Plaintiff is informed and believes that the Fourth-Party Defendant, New Century Builders, LLC, is a limited liability corporation organized under and existing pursuant to the laws of one of the states of the United States, which corporation, at all times referenced herein, conducted business, in whole or in part, in Anderson County South Carolina; this Defendant/Fourth-Party Plaintiff is further informed and believes that New Century Builders, LLC, (hereinafter sometimes "New Century"), provided materials and services in connection with original construction of the subject structures.

193. That the Plaintiffs, Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, acting individually, and purportedly on behalf of all others similarly situated, (hereinafter sometimes "Plaintiffs"), by their Complaint, have sued the Defendant/Third-Party Plaintiff, D.R. Horton, Inc. In conjunction with that

litigation, Plaintiffs have asserted damages allegedly occasioned by deficiencies in design, construction, and/or component materials of the subject residences. That this Fourth-Party Plaintiff is informed and believes that Plaintiffs have further asserted that such deficiencies were caused, inter alia, by the negligent, grossly negligent, reckless and/or willful acts or omissions of DR Horton or its subcontractors or suppliers. To the extent that DR Horton and/or the Plaintiff, or other parties to the instant litigation, may establish any such deficiencies in the materials or services provided by New Century, such deficiencies will also establish breach, by New Century, of its obligations to this Fourth-Party Plaintiff, including breaches and/or breaches resulting from the negligent, grossly negligent, careless, reckless, and/or willful acts or omissions of New Century Builders. D.R. Horton, by its Answer to the Plaintiffs' Complaint and its Third-Party Complaint, has, in turn, asserted Third-Party claims against parties including this Third-Party Defendant, Builders FirstSource-Southeast Group, LLC (hereinafter sometimes "Builders FirstSource", "BFS", and/or "Fourth-Party Plaintiff"), seeking recovery of damages allegedly occasioned by the deficiencies in materials and/or construction, as alleged within the Plaintiffs' Complaint.

194.    That this Defendant/Fourth-Party Plaintiff, Builders FirstSource, has denied the material allegations as asserted against it in the Third-Party Complaint of D.R. Horton, Inc.

**FOR A FIRST CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT NEW CENTURY BUILDERS, LLC**

37

195.    That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

196.    That the Fourth-Party Defendant, New Century Builders, LLC (hereinafter sometimes "Fourth-Party Defendant") was responsible for provision of services and/or materials in connection with the installation of certain components in connection with original construction and/or subsequent repair of the subject structures, for proper quality control, and for compliance with the contract documents, industry standards, and requirements of relevant building codes. In the event that the Plaintiff and/or D.R. Horton establishes that services provided by Builders FirstSource failed to comply with the relevant contract documents, industry standards and/or building code requirements, any such failure would be attributable to the failure of Fourth-Party Defendant properly to execute its duties, which has allegedly caused damages as alleged by Plaintiff and/or Third-Party plaintiff, D.R. Horton, Inc.

197.    That the subcontract between Builders FirstSource and the Fourth-Party Defendant, provided for contractual indemnification in favor of Builders FirstSource.

198.    That to the extent, if any, that the Defendant/Fourth-Party Plaintiff may be held liable to DR Horton, to the Plaintiffs and/or to others in this action, any such liability would be a direct and proximate result of the wrongful acts, omissions, negligence, gross negligence and/or representations of the Fourth-Party Defendant, which have damaged the Defendant/Fourth-Party Plaintiff, as Builders FirstSource has been subjected to liability and has incurred consequential

38

damages in having to expend attorney's fees and costs in defending against the Plaintiffs' claims and/or the claims of the Third-Party Plaintiff, D.R. Horton.

199. That this Defendant/Fourth-Party Plaintiff is informed and believes that the actions and positions of Builders FirstSource, and the Fourth-Party Defendant give rise to special relationship between the Defendant/Fourth-Party Plaintiff BFS, and Fourth-Party Defendant.

200. That Builders FirstSource is therefore is entitled to full contractual and common law indemnification from the Fourth-Party Defendant, from and against any liability which the Defendant/Fourth-Party Plaintiff is found to have to the Plaintiff and/or to others in this action, to the extent that such liability arises from the negligent and/or grossly negligent acts, and/or omissions and/or breaches by Fourth-Party Defendant, entitling the Fourth-Party Plaintiff to recover from Fourth-Party Defendant any sums which the Defendant/Fourth-Party Plaintiff may be held liable to DR Horton, to the Plaintiffs, and/or to others, or which Builders FirstSource may pay in satisfaction of such claims, as well as costs, including attorneys fees, incurred in defending this action.

**FOR A SECOND CAUSE OF ACTION AGAINST FOURTH-PARTY**

**DEFENDANT NEW CENTURY BUILDERS, LLC**

201. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

202. That the Fourth-Party Defendant, owed a duty of care in providing its services and materials in connection with construction of the subject complex. To the extent that the allegations of the DR Horton Third-Party Complaint relating to window

39

installation may be established, then and in that event the Fourth-Party Defendant was negligent, grossly negligent, careless, and/or reckless, in provision of its materials and/or services.

203. That as a direct and proximate result of such negligence, gross negligence, and/or recklessness, BFS has been damaged in the amount of any monies it is adjudged to owe to the Third-Party Plaintiff or to others in this action, or which it pays to the Third-Party Plaintiff or others in settlement of the claims of the Plaintiff or claims of others, plus the costs of investigation and defense of this action, including, but not limited to, attorneys fees.

204. Upon information and belief, BFS is entitled to judgment for actual damages against Fourth-Party Defendant in the amount of any monies BFS is adjudged to owe to Third-Party Plaintiff, or to others to the extent that such damages or judgment arises from the wrongful acts or omission of the subcontractors, or which BFS may pay Third-Party Plaintiff or others in satisfaction of such claims, as well as for costs of investigation and/or defense of this claim, including but not limited to attorneys fees.

## FOR A THIRD CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT NEW CENTURY BUILDERS, LLC

205. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

206. That the Fourth-Party Defendant, made express warranties that its materials, services, and/or workmanship provided in conjunction with its services at the

subject complex would be as required by and in accordance with the contract documents, applicable building codes, and industry standards.

207. That the subcontract between this Defendant/Fourth Party Plaintiff and the Fourth-Party Defendant included provisions by which the Fourth-Party Defendant expressly undertook to provide materials and/or services in accordance with the contract documents.

208. That in the event that the Plaintiff and/or D.R. Horton proves that the window materials and/or related installation services provided by the Fourth-Party Defendant were not in accordance with the requirements of the contract documents, industry standards, or relevant code provisions, the Fourth-Party Defendant has materially breached its express warranties.

209. That this Defendant/Fourth Party Plaintiff is therefore entitled to judgment against the Fourth-Party Defendant, in the amount of any judgment which DR Horton and/or the Plaintiffs and/or others may obtain against the Defendant/Fourth-Party Plaintiff, as a result of any breach of warranty by the Fourth-Party Defendant, or which Fourth-Party Plaintiff may pay in settlement of the claims of DR Horton or others, for breach of any express warranties on the part of the Fourth-Party Defendant, plus the Defendant/Fourth Party Plaintiffs' costs of fees incurred in investigation, inclusive of attorneys fees, and defense costs.

**FOR A FOURTH CAUSE OF ACTION AGAINST FOURTH-PARTY**

**DEFENDANT NEW CENTURY BUILDERS**

210. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

211. That the Fourth-Party Defendant made implied warranties of workmanlike services, merchantability, and fitness for particular purpose in connection with its services and/or materials provided in construction of the subject complex.

212. That in the event that the Plaintiff and/or D.R. Horton proves that the materials and/or services of the Fourth-Party Defendant were deficient, then and in the event the Fourth-Party Defendant has materially breached its implied warranties.

213. That this Defendant/Fourth-Party Plaintiff is therefore entitled to judgment against the Fourth-Party Defendant in the event, and to the extent, that the Plaintiff and/or D.R. Horton and/or any other party may obtain judgement against this Defendant/Fourth-Party Plaintiff, or which this Fourth-Party Plaintiff may pay in settlement of the claims of DR Horton or others, for breach of implied warranties, on the part of the Fourth-Party Defendant, including such warranty of workmanlike service, and this Fourth-Party Plaintiff is further entitled to recover costs and fees incurred in investigation and defense, including attorneys fees.

**FOR A FIFTH CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT**

**NEW CENTURY BUILDERS**

214. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

215. That the Fourth-Party Defendant was contractually responsible for provision of adequate materials and services in connection with its undertakings regarding construction of the subject structures.

216. That in the event the Plaintiff and/or D.R. Horton proves that the contract of this Defendant/Fourth-Party Plaintiff was breached due to improper or adequate

materials and/or services provided by the Fourth-Party Defendant, then and in that event the Fourth-Party Defendant has materially breached its subcontract, by failing properly and adequately to provide materials and services in connection with the construction of the subject complex.

217. That in such an event, this Defendant/Fourth-Party Plaintiff is entitled to judgment against the Fourth-Party Defendant, for the amount of any such judgment, or amounts which this Fourth-Party Plaintiff may pay in settlement of such claims, plus costs of defense, inclusive of attorneys' fees.

## FOR A SIXTH CAUSE OF ACTION AGAINST FOURTH-PARTY DEFENDANT NEW CENTURY BUILDERS, LLC

218. That each and every allegation set forth in the preceding paragraphs hereof is hereby re-alleged and reiterated as fully as if set forth herein.

219. That in the event that the Fourth-Party Plaintiff is found liable to the Plaintiff and/or to the Third-Party Plaintiff, which liability is hereby specifically denied, then in that event, the Fourth-Party Plaintiff is entitled to contribution, in whole or in part, from said Fourth-Party Defendant, as provided by law.

WHEREFORE, having fully answered the Third-Party Complaint of D.R. Horton, Inc., having asserted its Fourth-Party claims against Silver Line Building Products, Corp., n/k/a Silver Line Building Products, LLC, and having asserted its Fourth-Party claims against New Century Builders, LLC, this Third-Party Defendant/Fourth-Party Plaintiff, Builders FirstSource-Southeast Group, LLC prays as follows:

A) That the Third-Party Complaint of D.R. Horton, Inc., as to this Defendant Builders FirstSource-Southeast Group, LLC, be dismissed, with prejudice, with costs to this Defendant;

B) That this Defendant/Fourth-Party Plaintiff have judgment on its Fourth-Party claims against Silver Line Building Products, Corp. n/k/a Silver Line Building Products, LLC, and against New Century Builders, LLC;

C) That this Defendant have jury trial on all matters asserted against this Defendant;

D) That this Defendant be granted such other and further relief as this Court may deem just and proper.

HOWELL, GIBSON & HUGHES, P.A.

By: /s/ *Stephen P. Hughes*
Stephen P. Hughes
PO Box 40
Beaufort, SC  29901-0040
(843) 522-2400
sphughes@hghpa.com
***Attorney for Builders FirstSource-Southeast Group, LLC***
Federal Bar No.: 5199

Beaufort, South Carolina

February 19, 2026

44