**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Derek Williams, Corey Smith, William Wyatt, and Heather Inwinski, individually, and on behalf of all others similarly situated , <br><br> Plaintiffs, <br><br> vs. <br><br> D.R. Horton, Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, <br><br> Defendants, | Case No.: 8:26-cv-00097-DCC <br><br> **GARCIA PAINTING AND DRYWALL, LLC'S ANSWER TO D.R. HORTON'S THIRD-PARTY COMPLAINT** |

D.R. Horton, Inc.

Crossclaim Plaintiff and Third-Party Plaintiff,

v.

Alpha Omega Construction Group, Inc., Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC

Crossclaim Defendants, and

Mark III Properties, LLC, P&L Enterprises, LLC, Damian Magos Mendoza, General Shale Brick, Inc., Meridan Brick, LLC, Rite Rug, Co., Builders First Source-Southeast Group, LLC, Brand Vaughn Lumber, Co., Valmen Solutions, LLC, Bravo Carpenters, Inc., CJ Framing, LLC, Get Floored, LLC, Lansing Building Products, LLC, American Concrete & Precast, LLC, Five Star Foundations, LLC, One Tree Hill, Inc. d/b/a Willis Landscaping, The Loving Group, LLC, All in One Insulation, LLC, Marlow Environmental, LLC, Kings Landscaping, LLC, Earthworks

Unlimited, Inc., CSI Erosion, Inc., CSI Erosion SC, Inc., Superior Grading, LLC, Cedar Ridge Landscaping, LLC, Dupree Plumbing Co., Inc., A-Z, Inc., Installed Building Production, LLC d/b/a Custom Glass Atlanta, Saldana Brothers, Inc., 84 Lumber Company, Carter Lumber Company, Justin Villines, LLC, GBS Building Supply US LBM, LLC, Garcia Painting & Drywall, LLC, UTM Enterprises, Inc., McGillicuddy Concrete, LLC, Bianchi & Company, Inc.

Third-Party Defendants.

Third-Party Defendant Garcia Painting & Drywall, LLC ("GPD") by its undersigned attorneys, answering the Third-Party Complaint of D.R. Horton, Inc. ("D.R. Horton") as asserted in its Answer to Plaintiffs' Complaint (the "Third-Party Complaint") respectfully alleges and will show unto the Court as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. The allegations set forth in Paragraphs 1 through 59 of the Third-Party Complaint constitute D.R. Horton's Answer to the Complaint of Plaintiffs Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated, ("Plaintiffs") to which no response from GPD is required. To the extent that a response is required, GPD denies any allegations contained in Paragraphs 1 through 59 and demands strict proof thereof.

2. Responding to Paragraph 60 of the Third-Party Complaint, GPD incorporates its responses to the preceding paragraphs as if fully restated herein.

3. Upon information and belief, GPD admits the allegations of Paragraph 61 of the Third-Party Complaint.

4. GPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 62, 63, 64, 65, 66 and 67 of the Third-Party Complaint, and therefore,

denies the same.

5.      GPD admits only so much of the allegations of Paragraphs 68 and 69 of the Third-Party Complaint that could be construed to allege that GPD performed a limited scope of work on a limited number of residences in Rivermill, pursuant to an agreement with D.R. Horton. GPD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraphs 68 and 69 of the Third-Party Complaint, and therefore, GPD denies the same.

6.      The allegations of Paragraph 70 of the Third-Party Complaint draw conclusions of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 70.

7.      GPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Third-Party Complaint, and therefore, denies the same.

8.      The allegations of Paragraph 72 of the Third-Party Complaint draw conclusions of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 72 of the Third-Party Complaint.

9.      Answering the allegations of Paragraph 73 of the Third-Party Complaint, GPD craves reference to Plaintiffs' Complaint and denies any inconsistencies therewith.

10.     GPD denies the allegations of Paragraphs 74, 75, 76 and 77 of the Third-Party Complaint.

### FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
(CONTRACTUAL INDEMNIFICATION AS TO SUBCONTRACTORS AND MARK III)

11.     Answering the allegations of Paragraph 78 of the Third-Party Complaint, GPD reiterates its responses to the preceding paragraphs as if fully restated herein.

12.     Answering the allegations of Paragraph 79 of the Third-Party Complaint, GPD

craves reference to Plaintiffs' Complaint and denies any inconsistencies contained therein.

13.     GPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Third-Party Complaint, and therefore, denies the same.

14.     GPD admits only so much of the allegations of Paragraph 81 of the Third-Party Complaint that could be construed to allege that GPD performed a limited scope of work on a limited number of residences in Rivermill, pursuant to an agreement with D.R. Horton. GPD lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 81 of the Third-Party Complaint, and therefore, GPD denies the same.

15.     Answering the allegations of Paragraph 82 of the Third-Party Complaint, GPD craves reference to Plaintiffs' Complaint and denies all inconsistencies contained therein.

16.     GPD denies the allegations of Paragraphs 83, 84, 85 and 86 of the Third-Party Complaint.

### FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION
#### (EQUITABLE INDEMNIFICATION- SUBCONTRACTORS AND MARK III)

17.     Answering the allegations of Paragraph 87 of the Third-Party Complaint, GPD craves reference to its responses to the preceding paragraphs as if fully incorporated herein.

18.     Answering the allegations of Paragraph 88 of the Third-Party Complaint, GPD craves reference to Plaintiffs' Complaint and denies any inconsistencies contained therein.

19.     The allegations of Paragraph 89 of the Third-Party Complaint are merely recitals of D.R. Horton's Answer to Plaintiff's Complaint to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 89.

20.     GPD denies the allegations of Paragraph 90, 91 92 and 93 of the Third-Party Complaint.

### FOR A FIRST DEFENSE TO THE THIRD CAUSE OF ACTION
#### (BREACH OF CONTRACT- SUBCONTRACTORS AND MARK III)

21. Answering the allegations of Paragraph 94 of the Third-Party Complaint, GPD reiterates its responses to the preceding paragraphs as if fully incorporated herein.

22. GPD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Third-Party Complaint, and therefore, denies the same.

23. The allegations of Paragraph 96 of the Third-Party Complaint draw conclusions of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 96.

24. GPD denies the allegations of Paragraph 97 and 98 of the Third-Party Complaint.

### FOR A FIRST DEFENSE TO THE FOURTH CAUSE OF ACTION
#### (BREACH OF EXPRESS WARRANTIES- SUBCONTRACTORS AND MARK III)

25. Answering the allegations of Paragraph 99 of the Third-Party Complaint, GPD reiterates its responses to the preceding paragraphs as if fully incorporated herein.

26. The allegations of Paragraph 100 of the Third-Party Complaint draw conclusions of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 100.

27. GPD denies the allegations of Paragraphs 101 and 102 of the Third-Party Complaint.

### FOR A FIRST DEFENSE TO THE FIFTH CAUSE OF ACTION
#### (BREACH OF IMPLIED WARRANTIES- SUBCONTRACTORS AND MARK III)

28. Answering the allegations of Paragraph 103 of the Third-Party Complaint, GPD reiterates its responses to the preceding paragraphs as if fully incorporated herein.

29. The allegations of Paragraph 104 of the Third-Party Complaint draw conclusions

of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 104.

30. GPD denies the allegations of Paragraphs 105 and 106 of the Third-Party Complaint.

## FOR A FIRST DEFENSE TO THE SIXTH CAUSE OF ACTION
### (NEGLIGENCE/GROSS NEGLIGENCE/RECKLESSNESS- SUBCONTRACTORS AND MARK III)

31. Answering the allegations of Paragraph 107 of the Third-Party Complaint, GPD reiterates its responses to the preceding paragraphs as if fully restated herein.

32. The allegations of Paragraph 108 of the Third-Party Complaint draw conclusions of law to which no response is required. To the extent that a response is required, GPD denies the allegations of Paragraph 108.

33. GPD denies the allegations of Paragraphs 109 and 110 of the Third-Party Complaint.

34. GPD denies the allegations of the paragraph immediately following Paragraph 110 of the Third-Party Complaint beginning with "WHEREFORE" including subparts (a) through (i), which constitute D.R. Horton's prayer for relief.

35. GPD denies each and every allegation contained in D.R. Horton's Third-Party Complaint not specifically admitted, modified, or explained hereinabove.

## FOR A SECOND DEFENSE
### (FAILURE TO STATE A CLAIM)

36. Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

37. D.R. Horton's Third-Party Complaint fails to state a claim upon which relief may be granted against GPD. Consistent with Rule 12(b)(6) of the Federal Rules of Civil Procedure,

D.R. Horton's Third-Party Complaint should be dismissed.

**FOR A THIRD DEFENSE**
**(STATUTE OF LIMITATIONS AND/OR STATUTE OF REPOSE)**

38.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

39.     D.R. Horton's Claims are barred by the applicable statute of limitations and/or the Statute of Repose.

**FOR A FOURTH DEFENSE**
**(THIRD-PARTY FAULT)**

40.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

41.      To the extent that D.R. Horton has complained of wrongful conduct attributable to GPD, the fault for such conduct lies, in whole or in part, with third-parties, for which GPD is not responsible.  Therefore, D.R. Horton's Third-Party Complaint must be dismissed.

**FOR A FIFTH DEFENSE**
**(ABSENCE OF BREACH)**

42.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

43.     To the extent that GPD owed any legal duty to D.R. Horton, which GPD denies, GPD did not breach any such duty. Therefore, D.R. Horton's claims against GPD must be dismissed.

**FOR A SIXTH DEFENSE**
**(ABSENCE OF CAUSATION)**

44.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

45.    To the extent that GPD breached any legal duty to D.R. Horton, which GPD denies, the fact of such breach was not a legal or proximate cause of any damages complained of by D.R. Horton. Therefore, D.R. Horton's Third-Party Complaint against GPD must be dismissed.

## FOR A SEVENTH DEFENSE
### (ACCEPTANCE)

46.    Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

47.    The labor and materials supplied to the subject project was accepted by D.R. Horton and the acceptance of the labor and materials supplied by GPD constitutes a complete defense to all claims asserted by D.R. Horton.

## FOR AN EIGHTH DEFENSE
### (COMPLIANCE WITH INDUSTRY CUSTOM, PRACTICES AND STANDARDS)

48.    Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

49.    Any and all labor or materials which GPD provided met all construction industry customs, practices, and standards applicable to D.R. Horton's claims, and GPD exercised that degree of skill and care required of it by law at all times relevant to the matters complained of in D.R. Horton's Third-Party Complaint.

## FOR A NINTH DEFENSE
### (COMPARATIVE NEGLIGENCE)

50.    Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

51.    GPD would show, upon information and belief, that any injuries or damages sustained by D.R. Horton was due to D.R. Horton's own negligent, careless, reckless and/or grossly negligent acts or omissions, which combined and concurred with any negligence,

carelessness, recklessness, and gross negligence on the part of GPD which are specifically denied, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred.  Such negligent, careless, reckless and/or grossly negligent acts or omissions on the part of the D.R. Horton were the direct and proximate cause of any injuries or damages sustained by D.R. Horton, and GPD pleads such negligence, carelessness, recklessness and gross negligence on the part of the D.R. Horton and would ask that this court compare the negligence or other conduct of D.R. Horton and GPD and if it is determined that D.R. Horton's negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of GPD, which is specifically denied, then D.R. Horton should be completely barred from recovery and if it is determined that D.R. Horton's negligence, carelessness, recklessness and gross negligence is equal to or less than the negligence of GPD, then the amount of recovery available to D.R. Horton should be reduced by the percentage of D.R. Horton's own  negligence, carelessness, recklessness and gross negligence.

### FOR ATENTH DEFENSE
(Sole Negligence of Third-Party Plaintiff)

52.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

53.     D.R. Horton's claims against GPD are barred because the damages suffered by D.R. Horton, if any, were solely due to and caused by the negligence, carelessness, recklessness, willfulness, and wantonness of D.R. Horton and/or its agents in failing and refusing to exercise reasonable care in the design, coordination, supervision and construction of the subject project.

### FOR AN ELEVENTH DEFENSE
(Sole Negligence, Gross Negligence, Recklessness of Others)

54.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the

allegations set forth hereinabove as fully as if repeated herein.

55.     GPD would show that the injuries and damages sustained by D.R. Horton, if any, were directly and proximately caused by the sole negligence, gross negligence, recklessness, willfulness and wantonness of others over which GPD neither exercised nor had any authority or control.  D.R. Horton's claims against GPD, therefore, should be barred or reduced due to such negligence, gross negligence, recklessness, willfulness, and wantonness of others.

### FOR A TWELFTH DEFENSE
#### (SUPERSEDING OR INTERVENING CAUSE)

56.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

57.     Whatever damages, if any, that may have been sustained by D.R. Horton in this action, which GPD expressly denies, were the result of, were due solely to, caused solely by, or were the direct and proximate result of the intervening, superseding, and unforeseeable acts of others, over whom GPD had no control, so as to bar D.R. Horton's claims against GPD.

### FOR A THIRTEENTH DEFENSE
#### (DOCTRINES OF ESTOPPEL, UNCLEAN HANDS, AND WAIVER)

58.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

59.     GPD would show that D.R. Horton's claims are barred by the doctrines of estoppel, unclean hands, and waiver.

### FOR A FOURTEENTH DEFENSE
#### (ECONOMIC LOSS DOCTRINE)

60.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

61.     GPD would show that D.R. Horton's claims are barred by the Economic Loss

Doctrine.

## FOR A FIFTEENTH DEFENSE
### (LACK OF NOTICE AND RIGHT TO CURE)

62.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

63.     To the extent GPD is liable to D.R. Horton, which liability is denied, D.R. Horton's claims must fail in that D.R. Horton failed to give GPD timely and reasonable notice of any alleged defects and/or timely and reasonable opportunity to correct any alleged defects as required by S.C. Code Ann. §40-59-810, et seq.

## FOR A SIXTEENTH DEFENSE
### (SET OFF)

64.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

65.     Any recovery by D.R. Horton must be set off or reduced, abated, or apportioned to the extent that any other party's action caused or contributed to damages, if any, or as otherwise provided pursuant to §15-38-50 of the South Carolina Code.

## FOR A SEVENTEENTH DEFENSE
### (FAILURE TO MITIGATE)

66.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

67.     The injuries and/or damages alleged by D.R. Horton, which are specifically denied, were due to and caused by D.R. Horton's failure to mitigate, which failure is a complete bar to their recovery.

## FOR AN EIGHTEENTH DEFENSE
### (CONFORMITY WITH STANDARD INSTRUCTIONS, DESIGNS, PLANS AND SPECIFICATIONS)

68.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

69.     The claims against GPD are barred by the *Spearin* doctrine and the labor and materials supplied by GPD met all construction industry customs, practices and standards applicable to D.R. Horton's claims and/or conformed to the instructions, designs, plans, and specifications furnished by others, which were implicitly warranted to be complete and code-conforming.  Further, the design, materials, and labor used in the construction subject project in question were developed, selected, and approved by D.R. Horton and/or other defendants, thereby relieving GPD of any liability or responsibility for damages resulting from design deficiency or materials which may not have been suitable for incorporation into the subject projects.

## FOR A NINETEENTH DEFENSE
### (EXCLUSION OF WARRANTY AND LIMITATION OF REMEDIES)

70.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

71.     GPD denies the existence of any warranty from it to D.R. Horton. To the extent that any such warranty is established, D.R. Horton's claims for breach of warranties or breach of implied warranties are barred because such warranties are expressly excluded, disclaimed, or limited by the agreement(s) by the parties or by a written warranty; because any warranties had expired prior to the alleged incident date; because D.R. Horton failed to give timely notice of any alleged breach of warranty; and because D.R. Horton's recovery for breach of warranty is limited to those remedies set forth in the agreements or written warranties by the parties, if any.

## FOR A TWENTIETH DEFENSE
### (NO PROXIMATE CAUSE)

72.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

73.     Even if GPD was negligent or breached a contract or warranty, which is specifically denied, the negligence of or breach of contract or warranty by GPD is not the direct or proximate cause of any injuries or damages alleged by D.R. Horton and, therefore, GPD is not liable for any injuries or damages allegedly sustained by Counterclaim Plaintiffs.

## FOR A TWENTY-FIRST DEFENSE
### (EXPIRATION OF WARRANTY AND OUTSIDE WARRANTY)

74.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

75.     GPD would allege and show any warranty that may have been extended to D.R. Horton or those in privity with D.R. Horton has expired.

## FOR A TWENTY-SECOND DEFENSE
### (STATUTE OF FRAUDS)

76.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

77.     GPD would allege and show that D.R. Horton's claims are barred by the Statute of Frauds.

## FOR A TWENTY-THIRD DEFENSE
### (PUNITIVE DAMAGES)

78.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

79.     Any claim for punitive damages against GPD cannot be sustained because such

damages are not recoverable and their imposition in this case may violate both the United States and South Carolina Constitutions.

80.     To the extent any party is entitled to and awarded punitive damages, which is expressly denied, such damages are barred, reduced, capped, or otherwise impacted by the South Carolina Fairness in Civil Justice Act of 2011, S.C. Code Ann. § 15-32-530, and/or similar and/or related state statutes and limitations, and the proceeding must be bifurcated.

### FOR A TWENTY-FOURTH DEFENSE
#### (INCORPORATION, RESERVATION AND NON-WAIVER OF AFFIRMATIVE DEFENSES)

81.     Further answering D.R. Horton's Third-Party Complaint, GPD reiterates all of the allegations set forth hereinabove as fully as if repeated herein.

82.     GPD reserves the right to assert any and all other defenses either in contract or under the law as may be asserted, or which have been asserted, by other Defendants/Third Party Defendants in this action, or that may become evident through investigation and discovery.

WHEREFORE, having fully answered D.R. Horton's Answer to the Plaintiffs' Complaint and Third-Party Complaint, Garcia Painting & Drywall, LLC prays that D.R. Horton's Third-Party Complaint against GPD be dismissed; that GPD recovers the costs of defending this action from D.R. Horton and for such other and further relief as the Court may deem proper under the circumstances.

**[Signature Line to Follow]**

Respectfully submitted,

GALLIVAN, WHITE & BOYD, P.A.


/s/ Alexander G. Mende
W. Duffie Powers (Fed Bar No. 9738)
Alexander G. Mende (Fed Bar No. 13548)
Post Office Box 10589
Greenville, SC 29603
Phone: (864) 271-9580
Fax:    (864) 271-7502
Email: DPowers@gwblawfirm.com
Email: AMende@gwblawfirm.com

February 27, 2026                **Attorneys for Garcia Painting & Drywall, LLC**