**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | | |
|---|---|---|
| Derek Williams, Corey Smith, William Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | **CASE NO.: 8:26-CV-00097-DCC** |
| Plaintiffs | ) ) | **CARTER LUMBER COMPANY'S ANSWER AND AFFIRMATIVE** |
| vs. | ) ) ) | **DEFENSES TO D.R. HORTON, INC.'S THIRD-PARTY COMPLAINT** |
| D.R. Horton, Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | **JURY TRIAL DEMANDED** |
| D.R. Horton, Inc., | ) ) | |
| Crossclaim Plaintiff and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Alpha Omega Construction Group, Inc., Cannady Siding & Gutter, Inc., L&M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC, | ) ) ) ) ) ) | |
| Crossclaim Defendants, and | ) ) | |
| Mark III Properties, LLC; P&L Enterprises, LLC; Damian Magos Mendoza; General Shale Brick, Inc.; Meridian Brick, LLC; Rite Rug, Co.; Builders First Source – Southeast Group, LLC; Brand Vaughan Lumber, Co.; Valmen Solutions, LLC; Bravo Carpenters, Inc.; CJ Framing, LLC; Get Floored, LLC; Lansing Building Products, LLC; American Concrete & Precast, LLC; Five | ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| Star Foundations, LLC; One Tree Hill, Inc. d/b/a Willis Landscaping; The Loving Group, LLC; All in One Insulation, LLC; Marlowe Environmental, LLC; CASE No.: 8:26-CV-00097-DCC PROOF OF SERVICE 8:26-cv-00097-DCC Date Filed 02/16/26 Entry Number 68 Page 1 of 2 Kings Landscaping, LLC; Earthworks Unlimited, Inc.; CSI Erosion, Inc.; CSI Erosion SC, Inc.; Superior Grading, LLC; Cedar Ridge Landscaping, LLC; Dupree Plumbing Co., Inc.; AZ, Inc; Installed Building Products, LLC d/b/a Custom Glass Atlanta; Saldana Brothers, Inc.; 84 Lumber Company; Carter Lumber Company; Justin Villines, LLC; GBS Building Supply US LBM, LLC; Garcia Painting & Drywall, LLC; UTM Enterprises, Inc.; McGillicuddy Concrete, LLC; Bianchi & Company, Inc. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

Now comes Third-Party Defendant Carter Lumber Company ("Carter Lumber"), by and through counsel, and for its Answer and Affirmative Defenses to D.R. Horton, Inc.'s Third-Party Complaint, states as follows:

## ANSWER

1. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

2. In response to Paragraph 61, Carter Lumber admits that D.R. Horton served as a residential builder for the Rivermill subdivision in Anderson, South Carolina ("Rivermill") and that the Delaware Secretary of State's records identify an entity named "D.R. Horton, Inc." as a domestic general corporation but is without information or knowledge sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 61 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

3. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

4. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

5. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

6. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

7. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

8. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

9. Carter Lumber denies the allegation in Paragraph 68 of the Third-Party Complaint that it contracted with D.R. Horton to provide labor or supply materials for construction of the Homes in Rivermill. Carter Lumber is a Kentucky corporation that does limited business in

South Carolina that was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc., a South Carolina corporation. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

10. Carter Lumber denies the allegation in Paragraph 69 of the Third-Party Complaint that it entered-into an individual contract with D.R. Horton. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

11. Carter Lumber denies the allegation in Paragraph 70 of the Third-Party Complaint that it agreed to perform any Work on the Homes. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

12. Carter Lumber denies the allegation in Paragraph 71 of the Third-Party Complaint that it had any awareness of the need or importance of construction the Homes in Rivermill in accordance with construction plans, contract requirements, industry standards, and/or building

4

code requirements. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

13. Carter Lumber denies the allegation in Paragraph 72 of the Third-Party Complaint that it contracted with D.R. Horton to perform Work on the Homes in Rivermill. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

14. Carter Lumber admits the allegation in Paragraph 73 of the Third-Party Complaint that Plaintiffs filed a Complaint against D.R. Horton and other defendants (not including Carter Lumber) in the Court of Common Pleas for the Tenth Judicial Circuit of South Carolina, which is captioned *Derek Williams, et al. v. D.R. Horton, Inc., et al.*, designated as Case No. 2025-CP-04-02216, and further states that the Complaint speaks for itself. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

15. Carter Lumber denies the allegations contained in Paragraph 74 of the Third-Party Complaint and demands strict proof thereof.

16.     Carter Lumber denies the allegations in Paragraph 75 of the Third-Party Complaint that it entered-into a Subcontractor Agreement with D.R. Horton and that it agreed to indemnify D.R. Horton.   Carter Lumber was not involved with and did not furnish materials for construction of Rivermill.  The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 75 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

17.     Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

18.     Carter Lumber denies the allegations in Paragraph 77 of the Third-Party Complaint that engaged in any acts or omissions in connection with Rivermill that could give rise to liability or damages to D.R. Horton.  Carter Lumber was not involved with and did not furnish materials for construction of Rivermill.  The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

19. With respect to the allegations contained in Paragraph 78 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 77 of its Answer above as if fully rewritten herein.

20. Carter Lumber admits the allegation in Paragraph 79 of the Third-Party Complaint only that Plaintiffs filed a Complaint against D. R. Horton and other defendants (not including Carter Lumber) in the Court of Common Pleas for the Tenth Judicial Circuit of South Carolina, which is captioned *Derek Williams, et al. v. D.R. Horton, Inc., et al.*, designated as Case No. 2025-CP-04-02216, and further states that the Complaint speaks for itself. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

21. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

22. Carter Lumber denies the allegation in Paragraph 81 of the Third-Party Complaint that it contracted with D.R. Horton to perform Work on the Homes in Rivermill. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

23. In response to Paragraph 82, Carter Lumber admits only that the Plaintiffs filed a Complaint against D.R. Horton and other defendants (not including Carter Lumber) in the Court of Common Pleas for the Tenth Judicial Circuit of South Carolina, which is captioned *Derek Williams, et al. v. D.R. Horton, Inc., et al.*, designated as Case No. 2025-CP-04-02216, and further states that the Complaint filed by the Plaintiffs speaks for itself. Further answering,

Carter Lumber denies any and all allegations regarding or directed at Carter Lumber individually and demands strict proof thereof.

24. Carter Lumber denies the allegations in Paragraph 83 of the Third-Party Complaint that engaged in any acts or omissions in connection with Rivermill that could give rise to liability or damages to D.R. Horton.  Carter Lumber was not involved with and did not furnish materials for construction of Rivermill.  The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

25. Carter Lumber denies the allegations in Paragraph 84 of the Third-Party Complaint that engaged in any acts or omissions in connection with Rivermill that could give rise to liability or damages to D.R. Horton.  Carter Lumber was not involved with and did not furnish materials for construction of Rivermill.  The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 84 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

26. Carter Lumber denies the allegations in Paragraph 85 of the Third-Party Complaint that it entered-into a Subcontractor Agreement with D.R. Horton and that it agreed to indemnify D.R. Horton.  Carter Lumber was not involved with and did not furnish materials for construction of Rivermill.  The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc.  Carter Lumber is without information

8

or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

27.  Carter Lumber denies the allegations in Paragraph 86 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

28.  With respect to the allegations contained in Paragraph 87 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 86 of its Answer above as if fully rewritten herein.

29.  Carter Lumber admits the allegation in Paragraph 88 of the Third-Party Complaint only that Plaintiffs filed a Complaint against D. R. Horton and other defendants (not including Carter Lumber) in the Court of Common Pleas for the Tenth Judicial Circuit of South Carolina, which is captioned *Derek Williams, et al. v. D.R. Horton, Inc., et al.*, designated as Case No. 2025-CP-04-02216, and further states that the Complaint speaks for itself.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 88 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

30.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

31.  Carter Lumber denies the allegations in Paragraph 90 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

32. Carter Lumber denies the allegations in Paragraph 91 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

33. Carter Lumber denies the allegations in Paragraph 92 of the Third-Party Complaint that engaged in any acts or omissions in connection with Rivermill that could give rise to liability or damages to D.R. Horton. Carter Lumber was not involved with and did not furnish materials for construction of Rivermill. The entity D.R. Horton contracted with and purchased materials from for Rivermill was Carter Lumber of the South, Inc. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

34. Carter Lumber denies the allegations in Paragraph 93 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 93 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

35. With respect to the allegations contained in Paragraph 94 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 93 of its Answer above as if fully rewritten herein.

36. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

37. Carter Lumber denies the allegations in Paragraph 96 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

38. Carter Lumber denies the allegations in Paragraph 97 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

39. Carter Lumber denies the allegations in Paragraph 98 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

40. With respect to the allegations contained in Paragraph 99 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 98 of its Answer above as if fully rewritten herein.

41. Carter Lumber denies the allegations in Paragraph 100 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

11

42. Carter Lumber denies the allegations in Paragraph 101 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

43. Carter Lumber denies the allegations in Paragraph 102 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

44. With respect to the allegations contained in Paragraph 103 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 102 of its Answer above as if fully rewritten herein.

45. Carter Lumber denies the allegations in Paragraph 104 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

46. Carter Lumber denies the allegations in Paragraph 105 of the Third-Party Complaint to the extent they pertain to Carter Lumber. Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

47. Carter Lumber denies the allegations in Paragraph 106 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 106 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

48. With respect to the allegations contained in Paragraph 107 of the Third-Party Complaint, Carter Lumber restates Paragraphs 1 through 106 of its Answer above as if fully rewritten herein.

49. Carter Lumber denies the allegations in Paragraph 108 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

50. Carter Lumber denies the allegations in Paragraph 109 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

51. Carter Lumber denies the allegations in Paragraph 110 of the Third-Party Complaint to the extent they pertain to Carter Lumber.  Carter Lumber is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Third-Party Complaint and therefore denies them pursuant to Fed. R. Civ. P. 8(b)(5).

52. Carter Lumber denies any and all allegations not expressly admitted herein and reserves the right to amend its Answer.

**AFFIRMATIVE DEFENSES**

1. The Third-Party Complaint fails to state a claim upon which relief can be granted.

2. D.R. Horton's claims are barred in whole or part by the applicable statutes of limitations and/or statutes of repose.

3. D.R. Horton's claims are barred by equitable principles and defenses, including but not limited to the doctrines of waiver, estoppel, unclean hands, laches, acceptance of work and/or economic loss.

4. D.R. Horton has failed to join necessary and indispensable parties.

5. D.R. Horton has sued the wrong "Carter Lumber" entity.

6. D.R. Horton lacks standing, capacity and/or authority to assert the claims set forth in the Third-Party Complaint.

7. D.R. Horton has failed to mitigate its alleged damages.

8. D.R. Horton's comparative negligence was greater than the negligence, if any, which might be established against Carter Lumber, therefore D.R. Horton, is barred from any recovery.

9. Any injury or damages sustained by D.R. Horton was due to and caused by the negligence and/or willfulness of D.R. Horton combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of other Third-Party Defendants and, therefore, any recovery awarded to D.R. Horton for the injuries and damages alleged in the Third-Party Complaint must be reduced by the percentage of negligence and/or willfulness attributable to D.R. Horton.

10. Any claim for punitive damages is barred to the extent that it would violate the Carter Lumber's equal protection and due process rights as guaranteed by the United States and South Carolina Constitutions.

11. Any award of punitive damages is subject to the limitations set forth in South Carolina Code § 15-32-530.

12. Pursuant to § 15-38-15 of the South Carolina Code, in an action to recover damages for property damages or economic loss resulting from negligence, when more than one party is determined to be at fault, joint and several liability does not apply to a party whose conduct is determined to be less than 50% of the total fault for any indivisible damages sustained. Instead, such party will be liable for its percentage of fault.

13. Assumption of the Risk may bar claims contained in the Third-Party Complaint.

14. Carter Lumber reserves the right to assert additional affirmative defenses as supported by facts and law as this case proceeds.

**WHEREFORE**, having full answered, Carter Lumber respectfully demands that: (i) the Third-Party Complaint be dismissed with prejudice at D.R. Horton's cost; (ii) Carter Lumber be awarded costs for defending this Action, including reasonable attorneys' fees; and (iii) the Court grant such other and further relief to Carter Lumber it may deem just and proper.

SIGNATURE PAGE TO FOLLOW

15

Respectfully submitted,

By:     s/Ross B. Plyler

Ross B. Plyler, Fed ID No. 9409
rplyler@cassidycoates.com
1052 North Church Street (29601)
Post Office Box 10529
Greenville, SC 29603
T: 864.349.2600
F: 864.349.0303

ATTORNEYS FOR DEFENDANT
CARTER LUMBER COMPANY

Greenville, South Carolina

March 2, 2026

16