**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Derek Williams, Corey Smith, Williams Wyatt, and Heather Iwinski, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> D.R. Horton, Inc., Alpha & Omega Construction, LLC, Cannady Siding & Gutter, Inc., L & M Electric, Inc., Long Heating & Air Conditioning, Inc., and M&L Reyna Construction, LLC <br><br> Defendants. <br><br> M&L Reyna Construction, LLC, <br><br> Third-Party Plaintiff, <br><br> Jesus Jimenez, R&RC CONCRETE LLC, A & D Concrete Finisher LLC, and HD CONCRETE LLC, <br><br> Third-Party Defendants, | CASE NO. 8:26-cv-00097-DCC <br><br> **THIRD-PARTY DEFENDANT HD CONCRETE LLC'S ANSWER TO DEFENDANT M&L REYNA CONSTRUCTION, LLC'S THIRD-PARTY COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Third-Party Defendant HD CONCRETE LLC ("HDC") responds to the allegations in Defendant M&L Reyna Construction, LLC's Answer to Plaintiffs' Complaint and Third-Party Complaint (ECF #15) (the "Third-Party Complaint") as follows:

**FOR A FIRST DEFENSE**

1.      The allegations in Paragraphs 1 through 60 of the Third-Party Complaint respond to the allegations in Plaintiff's Complaint and require no response from HDC.  To the extent that any of the allegations in Paragraphs 1 through 60 is deemed to require a response from HDC, HDC denies the allegation.

1

2.      HDC lacks knowledge sufficient to enable it to admit or deny any allegation in Paragraph 61 of the Third-Party Complaint and, therefore, denies each allegation in the paragraph.

3.      The allegations in Paragraphs 62 through 64 of the Third-Party Complaint are against parties other than HDC and require no response from HDC.  To the extent that any allegation in Paragraphs 62 through 64 of the Third-Party Complaint is deemed to require a response from HDC, HDC is without information sufficient to enable it to admit or deny the allegation.

4.      HDC lacks knowledge sufficient to enable it to admit or deny any allegation in Paragraph 65 of the Third-Party Complaint and, therefore, denies each allegation in the paragraph.

5.      The allegation in Paragraph 66 of the Third-Party Complaint merely defines a term and requires no response from HDC.  To the extent that the allegation in Paragraph 66 of the Third-Party Complaint requires a response from HDC, HDC denies the allegation.

6.      HDC admits the allegations in Paragraph 67 of the Third-Party Complaint.

7.      In response to the allegations in Paragraph 68 of the Third-Party Complaint, HDC repeats and re-alleges each allegation hereinabove.

8.      HDC lacks knowledge sufficient to enable it to admit or deny the allegation in Paragraph 69 of the Third-Party Complaint that it performed concrete work on a property at issue in this case and, therefore, denies the allegation.  HDC denies each remaining allegation against it in Paragraph 69 of the Third-Party Complaint.

9.      The allegation in Paragraph 70 of the Third-Party Complaint is an allegation of a legal conclusion and requires no response to HDC.  To the extent that the allegation is deemed to require a response from HDC, HDC denies the allegation insofar as it is against HDC.

2

10.     HDC denies the allegation against it in the first sentence in Paragraph 71 of the Third-Party Complaint.  HDC denies the allegation in the second sentence in Paragraph 71 of the Third-Party Complaint.

11.     HDC denies the allegation against it in the first sentence in Paragraph 72 of the Third-Party Complaint and denies the allegation against it in the second sentence in Paragraph 72 of the Third-Party Complaint.  In response to the allegation in the third sentence in Paragraph 72 of the Third-Party Complaint, HDC craves reference to the allegations in Plaintiffs' Complaint.  In response to the allegation in the fourth sentence in Paragraph 72 of the Third-Party Complaint, HDC craves reference to the allegations in Paragraphs 1 through 60 of the Third-Party Complaint.

12.     In response to the allegations in Paragraph 73 of the Third-Party Complaint, HDC repeats and re-alleges each allegation hereinabove.

13.     HDC denies the allegation against it in Paragraph 74 of the Third-Party Complaint.

14.     HDC denies the allegation against it in Paragraph 75 of the Third-Party Complaint.

15.     HDC denies the allegation against it in Paragraph 76 of the Third-Party Complaint.

16.     In response to the allegations in Paragraph 77 of the Third-Party Complaint, HDC repeats and re-alleges each allegation hereinabove.

17.     HDC denies the allegation against it in Paragraph 78 of the Third-Party Complaint.

18.     HDC denies the allegation against it in Paragraph 79 of the Third-Party Complaint.

19.     HDC denies the allegations in Paragraph 80 of the Third-party Complaint.

20.     In response to the allegations in Paragraph 81 of the Third-Party Complaint, HDC repeats and re-alleges each allegation hereinabove.

21.     HDC denies the allegation against it in Paragraph 82 of the Third-Party Complaint.

22.     HDC denies the allegation against it in Paragraph 83 of the Third-Party Complaint.

23.     HDC admits the allegation in Paragraph 84 of the Third-Party Complaint.

24.     HDC denies each allegation against it in the first sentence in Paragraph 85 of the Third-Party Complaint.  HDC denies the allegation in the second sentence in Paragraph 85 of the Third-Party Complaint.  The statement in the third sentence in Paragraph 85 of the Third-Party Complaint is a clarification of a request and requires no response from HDC.  To the extent that the statement in the third sentence in the paragraph is deemed to require a response from HDC, HDC denies it insofar as it is an allegation against HDC.

25.     In response to the allegations in Paragraph 86 of the Third-Party Complaint, HDC repeats and re-alleges each allegation hereinabove.

26.     The allegation in Paragraph 87 of the Third-Party Complaint is an allegation of a legal conclusion and requires no response from HDC.  To the extent that the allegation is deemed to require a response from HDC, HDC denies the allegation insofar as it is an allegation against HDC.

27.     HDC denies the allegation against it in Paragraph 88 of the Third-Party Complaint.

28.     The allegation in Paragraph 89 of the Third-Party Complaint is an allegation of a legal conclusion and requires no response from HDC.  To the extent that the allegation is deemed to require a response from HDC, HDC denies it insofar as it is an allegation against HDC.

29.     The statement in Paragraph 90 of the Third-Party Complaint is a request and requires no response from HDC.  To the extent that the statement is deemed to require a response from HDC, HDC denies it insofar as it is an allegation against HDC.

30.     HDC denies each allegation in the Third-Party Complaint that HDC does not expressly admit hereinabove.

**FOR AN ADDITIONAL DEFENSE**

31. The Third-Party Complaint fails to state facts sufficient to constitute a cause of action against HDC.

**FOR AN ADDITIONAL DEFENSE**

32. Any harm sustained by Defendant M&L Reyna Construction, LLC ("Third-Party Plaintiff") was sustained as a result of the acts of persons whom Third-Party Plaintiff has failed to join as parties to this case, which imposes on HDC a substantial risk of incurring inconsistent obligations.

**FOR AN ADDITIONAL DEFENSE**

33. The economic loss rule bars the negligence claim of Defendant M&L Reyna Construction, LLC ("Third-Party Plaintiff").

**FOR AN ADDITIONAL DEFENSE**

34. Any harm sustained by Third-Party Plaintiff was sustained as a proximate result of the intervening or superseding acts of persons over whom HDC had no control.

**FOR AN ADDITIONAL DEFENSE**

35. Any harm sustained by Third-Party Plaintiff was sustained as a proximate result of Third-Party Plaintiff's own negligence, gross negligence, or recklessness.

**FOR AN ADDITIONAL DEFENSE**

36. Punitive damages are unconstitutional.

**FOR AN ADDITIONAL DEFENSE**

37. HDC pleads the caps and limitations on damages in S.C. Code Ann. § 15-32-530, the South Carolina Constitution, and the United States Constitution.

### FOR AN ADDITIONAL DEFENSE

38.     Third-Party Plaintiff's breach of contract claim is barred by the statute of frauds.

### FOR AN ADDITIONAL DEFENSE

39.     Any harm sustained by Third-Party Plaintiff was sustained as a proximate result of Third-Party Plaintiff's failure to mitigate damages.

### FOR AN ADDITIONAL DEFENSE

40.     To the extent that HDC furnished any labor or materials for any construction work on any property at issue, Third-Party Plaintiff accepted the services that HDC provided after HDC finished providing them.

### FOR AN ADDITIONAL DEFENSE

41.     Third-Party Plaintiff's claims are barred by the doctrine of spoliation of evidence.

### FOR AN ADDITIONAL DEFENSE

42.     Third-Party Plaintiff's claims are barred by the doctrine of waiver, the doctrine of estoppel, the doctrine of laches, and/or the doctrine of unclean hands.

### FOR AN ADDITIONAL DEFENSE

43.     Third-Party Plaintiff's contractual indemnity claim is barred by S.C. Code. Ann. § 32-2-10 to the extent that Third-Party Plaintiff seeks indemnity for its sole negligence.

### FOR AN ADDITIONAL DEFENSE

44.     HDC incorporates the defenses to Plaintiffs' claims in the Third-Party Complaint and the defenses of to Third-Party Plaintiff's claims in any pleading of any other party.

### FOR AN ADDITIONAL DEFENSE

45.     HDC reserves the right to assert additional defenses and waives none.

**WHEREFORE,** HDC prays for judgment in its favor on each claim against it,

reasonable attorney fees and costs, a jury trial on each issue so triable, and such other and further

relief as just and proper.

**HOLDER, PADGETT, LITTLEJOHN + PRICKETT**

 s/ W. Spencer Barrow
W. Spencer Barrow (Fed. Bar No. 13226)
P.O. Box 1804
Greenville, SC  29602
(864) 335-8808
(864) 248-4090 (Fax)
sbarrow@hplplaw.com
***Attorneys for Third-Party Defendant HD
CONCRETE LLC***

Greenville, South Carolina
March 19, 2026